UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EVA MAE GIVENS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MURIEL BOWSER,** *et al.***,**<br><br>**Defendants.** | **Civil Action No. 20-307 (EGS/ZMF)** |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' COMBINED OPPOSITION TO MOTION TO SUBSTITUTE AND MOTION TO STAY BRIEFING ON MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

#### INTRODUCTION

The Court should deny the attempt by the three surviving children of plaintiff Eva Mae Givens (the movants) to be substituted as plaintiffs in this action nearly five months after their mother's December 24, 2020 death—and after Magistrate Judge Faruqui issued his Report and Recommendation (the Report) to grant the District of Columbia's[1] (the District's) motion to dismiss. And, regardless, the Court should stay consideration of their pending motion for leave to further amend the Complaint. The motion to substitute is doubly untimely, coming after plaintiff's claims were moot, as Magistrate Judge Faruqui found, and too late under Federal Rule of Civil Procedure 25(a)(1). Even if the Court were to grant the motion to substitute, the motion for leave to amend the Complaint should be stayed until the Court has decided whether to adopt the Report

---

[1] Defendants are Mayor Muriel E. Bowser, District of Columbia Department of Human Services Director Laura Green Zeilinger, Director of the District of Columbia Department of Health Care Finance Wayne Turnage, and Acting Chief Judge of the District of Columbia Office of Administrative Hearings M. Colleen Currie, who replaced Eugene A. Adams (*see* Federal Rule of Civil Procedure 25(d)), each sued in their official capacity. Am. Compl. [16] ¶¶ 9–12. Defendants are collectively referred to as "the District."

and grant the District's motion to dismiss. This will promote judicial efficiency and avoid the need to expend further effort litigating a motion that may be unnecessary. Only if the Court denies the District's motion to dismiss would it make sense for the District to oppose the motion for leave to amend.

## BACKGROUND

Plaintiff Eva Mae Givens, a Medicaid-eligible nursing home resident, sued the District of Columbia (the District) alleging that it had improperly calculated how much of the cost of her nursing care it was supposed to pay, and therefore how much Ms. Givens was responsible for paying, by failing to deduct from her income certain pre-eligibility medical expenses. *See* Am. Compl. ¶¶ 26–27. As a result, Medicaid paid Ms. Givens's nursing facilities for only a portion of Ms. Givens's ongoing expenses, rather than all of them, and Ms. Givens was expected to pay the remainder. *Id.* She further alleged that the District failed to timely provide her a fair hearing to challenge the alleged miscalculation. *See id.* ¶ 29. Ms. Givens brought each claim individually and on behalf of a putative class. *Id.* ¶¶ 47, 49. The District agreed that it had miscalculated Ms. Givens's portion of her cost of care because an employee had incorrectly applied the District's policy. *See* Defs.' Mot. to Dismiss [18] at 1[2]; Report and Recommendation [28] at 14. The District corrected the records, making the requisite payments to the nursing facility. *See* Defs.' Reply in Support of Mot. to Dismiss (Defs.' Reply) [22] at 7; *Id.*, Ex. F [22-2].

The District moved to dismiss on July 1, 2020, arguing that Ms. Givens's claims were moot and that the Complaint failed to state a claim for relief on the merits because, among other things, there was no municipal liability where the District's policy did not violate the law, and plaintiff

---

[2] All citations are to ECF page numbers irrespective of internal numbering.

2

opposed [20] on July 31, 2020. The case was referred "to Magistrate Judge Zia M. Faruqui for full case management" by October 13, 2020 Minute Order.

Ms. Givens passed away on December 24, 2020, and Suggestions of Death were filed on January 13, 2021 [25, rejected] and January 25, 2021 [26, corrected]. On April 29, 2021, the District moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 25(a)(1) [27], to which there was no direct opposition or response. Four days later, on May 3, 2021, Magistrate Judge Faruqui issued the Report [28], recommending the Court dismiss Ms. Givens's Complaint for lack of jurisdiction and failure to allege municipal liability. On May 16, 2021, Ms. Givens's three surviving children moved to be substituted as plaintiffs and for leave to file a second amended complaint [29] and for leave to file their objections to the Report [33].

## STANDARD OF REVIEW

### I. Motion to Substitute

Fed. R. Civ. P. 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." However, "[i]f the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

### II. Motion to Stay

District courts have "inherent authority" "to decide the order in which to decide pending motions." *Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 368 (5th Cir. 2017) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998)); *see also Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoted with approval *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)), *Clinton v. Jones*, 520 U.S. 681, 706

3

(1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *accord Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Courts have done so for their own convenience or that of the non-moving party. *See, e.g.*, *Chavez v. Ill. State Police*, 251 F.3d 612, 626 n.3 (7th Cir. 2001) (recognizing grant of plaintiffs' "motion to stay defendants' then pending motion for partial summary judgment" to allow plaintiffs to reconsider their position).

"Upon balancing the competing interests of the parties, a court has inherent power to stay proceedings on its docket." *Davis v. Billington*, 775 F. Supp. 2d 23, 29 (D.D.C. 2011). "[T]he order of disposition of motions … [is] a question of discretion for the trial court." *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (Garland, J.) (discussing cases). "In determining whether to grant a stay, 'the [C]ourt, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side.'" *Billington*, 775 F. Supp. 2d at 30 (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1980)). The burden on the movant is lessened, however, when a stay would cause no apparent, let alone undue, prejudice against the non-moving party. *Id.*; *see also ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994) ("the court has the inherent ability to grant a stay of proceedings provided that it does not cause undue prejudice or present a clear tactical disadvantage to the non-moving party.") (quotation omitted).

**ARGUMENT**

**I.     The Court Should Deny the Motion to Substitute.**

   **A.     The Court Should Deny the Motion to Substitute Because Plaintiff's Claims Were Moot Before Her Death.**

A right of action that exists at the time of a party's death can survive after that party's death, *see* D.C. Code § 12-201, and the children of an unwed party who dies intestate could be

4

proper "legal representatives" of the deceased, *see id.* § 19-306; *Sinito v U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 2017). *See also* Movants' Mem. in Support of Mot. to Substitute and for Leave to File a Second Amended Complaint (Movants' Mem.) [32] at 5. Here, however, assuming plaintiff had a right of action against the District at some point, even before her death all her claims were moot because the District corrected the miscalculation in plaintiff's cost of care and made corrective payments to the nursing facilities, and plaintiff was given a fair hearing. *See* Defs.' Mem. in Support of Mot. to Dismiss (Defs.' Mem.) [18-1] at 14–18; Report at 6–7. Thus, plaintiff's claims were "extinguished" and there is no surviving right of action against the District for the movants to maintain if they were substituted as plaintiffs. *See* Fed. R. Civ. P. 25(a).

### B. The Court Should Deny the Motion to Substitute Because Plaintiff's Death Mooted Any Surviving Claim.

"[T]he death of a party generally moots any claim for injunctive relief." *See Cobell v. Jewell*, 802 F.3d 12, 23 (D.C. Cir. 2015) (citing cases). This is because "a federal court may not grant injunctive relief when, as in this case, intervening events have eliminated any reasonable anticipation that the aggrieved party will, in the future, be faced with a recurrence of the alleged harm." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 49 (1st Cir. 2006) (citing *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)). Here, the heart of plaintiff's lawsuit seeks declaratory and injunctive relief, *see* Am. Compl. at 12–13, and her claims were therefore mooted when she passed away. And although "death usually does not moot a claim for monetary compensation," *Cobell*, 802 F.3d at 23, plaintiff's only claim for monetary relief, *see* Am. Compl at 13 ¶ D, is moot, as explained above, because the District corrected the error in her payment amount and made corrective payments to the nursing facilities where plaintiff resided.[3] *See* Defs.' Mem. at 15–17;

---

[3]   Plaintiff did not seek monetary relief for her fair hearing claims. *See* Am. Compl. at 12–13.

5

Defs.' Reply at 7–8; *Id*., Ex. F. Again, there is no right of action that her surviving children can maintain against the District and the motion to substitute should be denied.

### C. The Court Should Deny the Motion to Substitute Because It Was Not Timely Filed.

A suggestion of Ms. Givens's death was filed by plaintiff's counsel, who are also the movants' counsel, on January 25, 2021, and no motion for substitution was made within 90 days of the filing of that notice (the deadline to do so was April 26, 2021). *See generally* Court Docket. As such, by the strict terms of Rule 25, plaintiff's complaint must be dismissed. Fed. R. Civ. P. 25(a)(1). *See Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 19 (D.D.C. 2009) (when formal notice of suggestion of death is filed on the record, dismissal under Rule 25(a)(1) is "mandatory"); *see also Mwani v. Bin Laden*, 302 F.R.D. 22, 24 (D.D.C. 2014); *Worley v. Islamic Rep. of Iran*, 75 F. Supp. 3d 311, 333 (D.D.C. 2014) (referring to Rule 25(a)(1) as "requiring dismissal of an action if a motion to substitute a proper party is not made within 90 days after service of a statement noting the death of a party"). The District moved to dismiss under Rule 25(a) on April 29, 2021, and no opposition or response was filed. *See Cohen v. Bd. of Trs. of the Univ. of the D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016) (citing LCvR 7(b)).

The movants now argue that the Suggestion of Death was not sufficient to trigger the 90-day clock because it "did not identify 'what person was available to be named in substitution as representative for the deceased.'" *See* Movants' Mem. at 7 (quoting *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir 1969)). The movants are incorrect, and their argument is not supported by the caselaw they cite.

In *Rende v. Kay*, 415 F.2d 983 (D.C. Cir 1969), the court held that a suggestion of death noting that a defendant had passed away but failing to identify a representative of the deceased was insufficient to trigger the 90-day timeline against the plaintiff. *Id.* at 986. The court explained

6

that its decision was meant to prevent "a tactical maneuver" by a deceased defendant's counsel "to place upon the plaintiff the burden of locating the representative of the [deceased defendant's] estate within 90 days." *Id*. For the same reasons, the court in *District Title v. Warren*, 2017 WL 6816482, at * 3–4 (D.D.C. Sept. 20, 2017), held that a suggestion of death simply noting the defendant had passed away but failing to identify any successor in interest was insufficient to trigger Rule 25's 90-day filing requirement. These cases stand for the proposition that a *plaintiff* should be protected from dismissal of her claims when she is unable to move to substitute a proper *defendant* because she lacks the necessary information regarding the identity of the deceased defendant's representative or heir. *See also McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985) ("It would hardly be consistent with 'the just, speedy, and inexpensive determination of civil actions,' . . . to place upon the plaintiff the burden of locating the representative of the estate within 90 days.") (internal citations omitted); *Rasheed v. Hussein*, Civil Action No. 04-1862 (EGS), 2009 U.S. Dist. LEXIS 148207, at *4 (D.D.C. Mar. 6, 2009) ("The court in *Rende* was motivated by the concern of placing upon plaintiffs the burden of locating a representative or successor *of the defendant's estate* within the time limit prescribed by Rule 25.") (emphasis added) (*citing McSurely*, 753 F.2d at 98; *Rende*, 415 F.2d at 986).

That is not the case here. First, it was plaintiff herself who passed away, not a defendant, and the movants' counsel who filed the suggestion of death. The District is not aware of any case in which a court in this circuit has relied on *Rende* to find a suggestion of death was insufficient to trigger the 90-day deadline for failing to identify a plaintiff's representative, and movants cite none. *Compare Parker v. Lemanski*, Civil Action No. 86-3429 JGP, 1989 U.S. Dist. LEXIS 6403, at *2 (May 27, 1989) (defendant filed suggestion of death). Further, the Suggestion of Death identified the "estate representative" as having agreed to be substituted for plaintiff in this case as

7

early as January 25, 2021. *See* Suggestion of Death at 1 ("A small estate proceeding for Ms. Givens *will* soon be filed … and upon an estate representative being appointed, co-counsel *will* shortly thereafter file a motion to substitute.") (emphasis added). It is of no importance—and no prejudice to the movants—that the Suggestion of Death failed to identify plaintiff's representative by name because plaintiff's representatives themselves, not the District, needed to move to substitute. There is also no requirement that a court appoint an estate representative before substitution can be made. *McSurely*, 753 F.2d at 98 (rejecting objection that a court must formally designate a successor). In fact, the estate representative need not be the person substituted. *Sinito v. United States DOJ*, 176 F.3d 512, 516 (D.C. Cir. 1999).

Far from protecting the plaintiff or movants here from injustice or "hardships and inequities," *Rende*, 415 F.2d at 985, the movants seek to use *Rende* to justify a delay they have wholly failed to explain. *But see Wilson v. Feldman*, Civil Action No. 90-0263 (RCL), 1991 U.S. Dist. LEXIS 12874, at *3-4, n.2 (Sept. 17, 1991) (dismissing with prejudice under Rule 25(a)(1) when plaintiff's counsel failed to show "excusable neglect" for failure to move to substitute timely). The failure to act here is particularly inexcusable because two of the movants, Deborah R. Bowser and Eugene P. Givens, have been involved with this lawsuit from the beginning, having filed it as attorneys-in-fact on behalf of their mother. *See* Compl. [3] at 1. There is no excuse for their delay.

**II.     If the Court Grants the Motion to Substitute, It Should Stay Briefing on the Motion for Leave To File a Second Amended Complaint Pending Resolution of the District's Motion to Dismiss.**

If the Court grants the movants' motion to substitute, making them plaintiffs in this case, judicial economy warrants a stay of the briefing on their motion for leave to file a second amended complaint pending resolution of objections to the Report and a decision on the District's motion to dismiss the First Amended Complaint. The District's motion to dismiss addresses this Court's

8

subject matter jurisdiction over the movants' claims and the proposed amendments in the second amended complaint do not cure the jurisdictional deficiencies. *See* Pls.' Mem. 4; *id.* at 8 ("movants do not believe there were any deficiencies at all in the First Amended Complaint"). Because the Report finds plaintiff's claims moot and recommends dismissal, its adoption could render the pending motion for leave to amend moot. Any attempt to brief the motion now would require the Parties to speculate about how the Court might rule on the Report's conclusions, most importantly as to whether any claim would survive for the movants to maintain. A stay would prevent the Parties from expending additional time and resources hypothesizing about how the Court might rule on the Report's conclusions, and potentially briefing a third motion to dismiss, as the Court may no longer have jurisdiction over the matter. A "defendant should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding" if the Court can properly grant a motion to dismiss or for summary judgment. *United Transp. Serv. Employees of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949).

It would be more efficient for the Court and the Parties to resolve the objections to the Report first, rather than attempting to address the pending motion for leave to amend simultaneously. *See Furniture Brands Int'l, Inc. v. Int'l Trade Comm.*, 2011 U.S. Dist. LEXIS 157667, *3 (Bates, J.) ("[S]taying further briefing of [plaintiffs'] summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *see also Millner v. Biter*, Civil Action No. 13-2029, 2016 U.S. Dist. LEXIS 30313, at *5 (E.D. Cal. Mar. 8, 2016) ("Because further proceedings [on a prior motion] are necessary, the Court finds that the most advisable course is to deny Plaintiff's summary judgment motion without prejudice."). This is especially true because the

movants' arguments in support of their motion for leave largely mirror their objections to the Report. *Compare* Pls.' Mem. [32] at 8–14 *with* Pls.' Objections [33] 1–7. The movants cannot simply avoid a decision on the Report by seeking leave to amend the complaint at this stage. The local rules are clear that if a party disagrees with a magistrate judge's ruling, it "may file written objections," LCvR 72.2(b), not move to amend. Movants filed their objections, and the Court should rule on the District's motion to dismiss before taking up the motion for leave to amend—which will not be necessary at all if the motion to dismiss is granted.

The motion for leave to file a second amended complaint makes no secret that its intent is to prevent this Court from reviewing and adopting Magistrate Judge Faruqui's recommendation that it grant the District's motion to dismiss. *See* Pls.' Mem. at 4 ("Given Magistrate-Judge Faruqui's Report and Recommendation, the Movants are also moving for permission to file a Second Amended Complaint"). But the magistrate referral process is intended to reduce the heavy workloads of district courts, not to give parties another bite at the apple after a recommendation is issued. Plaintiff had the opportunity to seek leave to amend to address the deficiencies the District identified after the District moved to the dismiss the First Amended Complaint, just as she did after the District filed its motion to dismiss the original Complaint. *See* ECF Nos. 14 and 16. She chose, instead, to oppose it.

> The Advisory Committee Notes to the 2009 Amendment to Rule 15(a) explain:
>
> This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need [for the Court] to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

In a similar situation, this Court recently iterated:

> when a plaintiff elects to oppose a motion to dismiss on the merits, the plaintiff assumes the risk that the court will grant the motion and the plaintiff's claims will

10

> be dismissed. A plaintiff is not entitled simply to have its proverbial cake and eat it too by first opposing a motion to dismiss on the merits (thereby forcing the Court to resolve the motion to dismiss), and then, upon losing the motion, amend its complaint to correct the very deficiencies it refused to acknowledge previously.

*Current Area Residents East of the River, et al. v. District of Columbia*, Civil Action No. 18-872, March 5, 2021 Order [60] at 3 (quoting *Nat'l Sec. Counselors v. C.I.A.*, 960 F. Supp. 2d 101, 135 n.11 (D.D.C. 2013)).

If a plaintiff could avoid an adverse ruling by a magistrate by simply waiting for it to be issued and then moving for leave to amend, there would be no end to the litigation. Thus,

> to allow the Plaintiffs to amend their Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; it "would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion rather than at the time the new information is discovered."

*Cash v. Lees-Mcrae Coll., Inc.*, Civil Action No. 18-52, 2019 WL 276842, at *7 (W.D.N.C. Jan. 22, 2019) (quoting *Glazer v. Chase Home Finance LLC,* Civil Action No. 9-1262, 2010 WL 1391318, at *1 (N.D. Ohio Mar. 31, 2010)).

The movants allege no good cause for the Court to resolve their motion for leave to amend now. They have not alleged any prejudice to themselves should the Court decide the District's motion to dismiss before moving to the motion for leave to amend. Indeed, the movants' alternative relief includes granting them additional time to oppose Magistrate Judge Faruqui's Report and to move for leave to file a second amended complaint. ECF No. 29. They could hardly contend there is an exigency given their delay in moving in the first place.

Further, there is no evidence that a stay would cause any prejudice, let alone "undue prejudice," to any claim of plaintiff or the movants. If the Court rejects the Report and denies the District's motion to dismiss, it can lift the stay and order briefing on the motion for leave to amend.

11

If, on the other hand, the Court adopts the report and recommendation, there will be no need to brief or decide the motion for leave to amend as a complaint cannot be amended after the case is dismissed. But proceeding without a stay would create undue prejudice against the District. Plaintiffs chose to make five filings late in the evening of May 16, 2021. *See* ECF Nos. 29–33 The District should not have to juggle competing and conflicting filings of such fundamental importance simultaneously.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to substitute. If, however, the Court grants the motion to substitute, it should stay the motion for leave to file a second amended complaint pending resolution of objections to the Report and Recommendation and a decision on the District's motion to dismiss the First Amended Complaint.

Dated:  June 1, 2021.                     Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Acting Deputy Attorney General
Public Interest Division

*/s/ Honey Morton*
CONRAD RISHER [1044678]
HONEY MORTON [1019878]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 724-6591
Fax: (202) 741-5908
honey.morton@dc.gov

*Counsel for Defendants*