**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

EVA MAE GIVENS,[1]

       Plaintiff,

v.

MURIEL BOWSER, in her official
capacity as Mayor, Washington,
D.C., *et al.*,

       Defendants.

</td><td>

Civil Action No. 20-307
    (EGS/ZMF)

</td></tr>
</table>

**MEMORANDUM OPINION**

## I.   Introduction

Plaintiff Eva Mae Givens ("Ms. Givens") filed this action against Defendants Muriel Bowser, in her official capacity as Mayor of Washington, D.C.; Laura Green Zeilinger, in her official capacity as Director[2] of the District of Columbia Department of Human Services; Wayne Turnage, in his official capacity as Director of the District of Columbia Department of

---

[1] Magistrate Judge Faruqui granted the motion of Eugene P. Givens, Jr., Deborah R. Bowser, and Anthony D. Givens (collectively, "Plaintiffs") to substitute as Plaintiffs for the limited purpose of objecting to the Report and Recommendation, ECF No. 28. *See* Minute Order (June 16, 2021).
[2] The First Amended Complaint sues the "Commissioner" of the District of Columbia Department of Human Services, but there is no such position. *See* First Am. Compl., ECF No. 1 at 1; *see also Meet Our Executive Team*, Dep't of Hum. Servs., https://dhs.dc.gov/page/meet-our-executive-team-.

Health Care Finance; and M. Colleen Currie,[3] in her official capacity as Chief Administrative Law Judge of the District of Columbia Office of Administrative Hearings (collectively, "Defendants"). *See* First Am. Compl. ("Am. Compl."), ECF No. 16. Ms. Givens sues these officials under 42 U.S.C. § 1983 ("Section 1983") on behalf of herself individually and two similarly situated classes of individuals, requesting declaratory and injunctive relief as well as monetary damages, and alleging that Defendants have a policy and/or practice of: (1) failing to properly deduct expenses incurred by Medicaid applicants and recipients; and (2) failing to render Medicaid fair hearing decisions within 90 days. *See id.* at 2 ¶ 4; *id.* at 12 ¶¶ 46-49.[4]

On July 1, 2020, Defendants moved to dismiss the action. *See generally* Defs.' Mot. Dismiss Pl.'s First Am. Compl., ECF No. 18. On October 13, 2020, the Court referred the matter to Magistrate Judge Faruqui for full case management, up to but excluding trial pursuant to Local Civil Rule 72.2. *See* Minute Order (Oct. 13, 2020). Magistrate Judge Faruqui has since issued a Report & Recommendation ("R. & R.") recommending that the

---

[3] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current Chief Administrative Law Judge, M. Colleen Currie, is substituted as Defendant for the former Chief Administrative Law Judge, Eugene A. Adams. *See* Fed. R. Civ. P. 25(d).

[4] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

Court grant Defendants' Motion to Dismiss. *See* R. &. R., ECF No. 28.

Pending before the Court are Plaintiffs' Objections to Magistrate Judge Faruqui's R. & R. *See* Objs. by Eugene P. Givens, Jr., Deborah R. Bowser and Anthony D. Givens to Magistrate Judge Zia M. Faruqui's May 3. 2021 R. & R. ("Pls.' Objs."), ECF No. 33. Upon careful consideration of the R. & R., the objections and opposition thereto, the applicable law, and the entire record herein, the Court hereby **ADOPTS** the R. & R, *see* ECF No. 28; and **GRANTS** Defendants' Motion to Dismiss, *see* ECF No. 18.

## II.  Background

### A. Medicaid Eligibility

The R. &. R. sets forth the statutory and regulatory background as follows:

> Congress passed the Medicaid Act in 1965 and established a "cooperative" arrangement between the federal government and the States through which poor and medically vulnerable Americans receive healthcare benefits. *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 502 (1990). States must create and administer their own plan in accordance with federal law; in exchange, the Federal government funds their Medicaid programs. *See* 42 U.S.C. § 1396a(a). Each State submits its Medicaid plan to the Department of Health and Human Services for approval. *See* 42 U.S.C. § 1396a(b). The plan must include information about the proposed process and criteria for determining Medicaid eligibility, two categories of which are

3

relevant here. *See* 42 U.S.C. §
1396a(e)(14)(E). The first includes
individuals who are "categorically needy,"
that is, those individuals who are eligible
solely because of their low income. *Md. Dept.
of Health & Mental Hygiene v. Ctrs. for
Medicare & Medicaid Servs.*, 542 F.3d 424, 429
(4th Cir. 2008) (citing 4 U.S.C. §
1396a(a)(10)). The second is made up of
"medically needy" individuals—those who "have
become impoverished through medical
expenditures; while they have sufficient
income to afford basic living expenses, they
cannot afford expensive medical care." *Id.*

"If a medically needy applicant's pre-
eligibility income exceeds the Medicaid
limit," States are "to deduct incurred
medical expenses in order to reduce that
income to the Medicaid eligibility level."
*Id.* (citing 42 C.F.R. § 435.831(d)). In making
this calculation, States make "standard
deductions" from an applicant's income. *Id.*
If an applicant's post-deduction income is at
or below the Medicaid threshold, the
individual is eligible for Medicaid
enrollment. *See* 42 C.F.R. § 435.831(f); 29
D.C.M.R. § 9899. After these "spend down"
adjustments are made for a medically needy
applicant, the state Medicaid plan is
required to calculate the amount of income
the applicant is expected to contribute to
her medical expenses. *See* 42 C.F.R. §
435.725(a). "[N]ursing home residents with
income remaining after the completion of the
spenddown process" must contribute their
"excess" income to the nursing home "to defray
the cost of their care." *Md. Dep't of Health*,
542 F.3d at 430 (citing 42 C.F.R. §
435.725(a)). This cost-sharing system between
the State Medicaid plan and the covered
individual operates like a co-pay, and the
amount the beneficiary owes is determined
after states make certain mandatory
deductions, including deductions of medical
expenses incurred prior to the eligibility

> determination. *See* 42 U.S.C. §
> 1396a(r)(1)(A)(ii).
>
> The Medicaid Act requires States to provide
> fair hearings to individuals whose
> applications for Medicaid are "denied or is
> not acted upon with reasonable promptness."
> 42 U.S.C. § 1396a(a)(3). The Department of
> Health and Human Services' implementing
> regulation prescribes a timeline of ninety
> days from the initial hearing request to the
> "final administrative action." 42 C.F.R. §
> 431.244(f).

R. &. R., ECF No. 28 at 2-3, 4.

### B. Factual

The Court assumes the following facts alleged in the Amended Complaint to be true for the purposes of deciding this motion and construes them in Plaintiffs' favor. *See Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015). Until her death in December 2020, Ms. Givens was a nursing home resident. *See* Am. Compl., ECF No. 16 at 2 ¶ 1; *see generally* Suggestion of Death, ECF No. 26. She applied for Medicaid benefits on February 26, 2019 to pay for her medical expenses, including her nursing home care. *Id.* at 6 ¶ 24. As part of her application, she submitted copies of unpaid medical bills totaling $40,184 covering the time period of November 1, 2018 through January 31, 2019. *Id.* at 6 ¶ 25. According to Ms. Givens, these unpaid bills qualify for a PEME deduction. *Id.* On May 17, 2019, the District issued a notice with its determination that Ms. Givens was eligible for Medicaid benefits, but did not provide an

5

appropriate PEME deduction. Am. Compl., ECF No. 16 at 6 ¶ 26.
Consequently, beginning February 1, 2019, she was required to
pay $2,044 per month for her nursing home care, and she was
unable to use that money to pay off the $40,183.93 in unpaid
bills. *Id.* at 6-7 ¶ 26.

On June 6, 2019, Ms. Givens filed a request with the
District's Office of Administrative Hearings ("OAH") for a fair
hearing to address the District's failure to approve her request
for a PEME deduction. *Id.* at 7 ¶ 28. As described in the R. &.
R:

> On March 5, 2020, nine months later, OAH
> called the hearing. *See* Pl.'s Opp'n, Ex. 2
> (Decl. of Ron Landsman) ¶ 2. Counsel for Ms.
> Givens appeared and received a jointly
> requested continuance. *See id.* Unfortunately,
> an apparent email mix-up led to Ms. Givens's
> counsel's failure to appear at the
> rescheduled hearing on June 11, 2020. *Id.* ¶
> 3-5. Lacking a plaintiff, OAH dismissed the
> administrative appeal. *Id.* ¶ 6. While the
> present motion in this Court was pending, OAH
> agreed to reopen Ms. Givens's case. *See* Notice
> of Suppl. Authority. OAH considered the case
> before dismissing it with prejudice in
> December 2020 along similar lines that the
> District argues here. *See id.*

R. &. R., ECF No. 28 at 4-5.

### C. Procedural

Ms. Givens filed this Section 1983 suit against Defendants
on February 5, 2020, *see generally* Compl., ECF No. 1; and
amended her Complaint on June 3, 2020, *see generally* Am. Compl.,

6

ECF No. 16. On July 1, 2020, Defendants filed a Motion to Dismiss the First Amended Complaint. *See generally* Defs.' Mot. Dismiss Pl.'s First Am. Compl., ECF No. 18. Plaintiff filed her opposition, *see* Pl.'s Opp'n Defs.' Mot. Dismiss Pl.'s First Am. Compl., ECF No. 20; and Defendants filed a reply thereto, *see* Defs.' Reply in Supp. of Mot. Dismiss Pl.'s First Am. Compl., ECF No. 22. The Court referred this case to Magistrate Judge Faruqui for full case management, *see* Minute Order (Oct. 13, 2020); who, on May 3, 2021, issued his R. & R. recommending that the Court grant Defendants' Motion to Dismiss, *see* R. & R., ECF No. 28 at 15.

Before Magistrate Judge Faruqui issued his R. & R., Ms. Givens died. *See* Suggestion of Death, ECF No. 26. On May 16, 2021, Ms. Givens' three children—Eugene P. Givens, Jr., Deborah R. Bowser, and Anthony D. Givens—moved to be substituted as Plaintiffs, to file a Second Amended Complaint, and to object to the R. & R. *See generally* ECF No. 29. Magistrate Judge Faruqui granted their motion to substitute as Plaintiffs for the limited purpose of objecting to the R. & R. *See* Minute Order (June 16, 2021).

Plaintiffs raise several objections to the R. & R, *see generally* Pls.' Objs., ECF No. 33; to which Defendants have responded, *see* Defs.' Resp. Objs. Magistrate Judge Zia M.

7

Faruqui's R. & R. ("Defs.' Opp'n"), ECF No. 36. The objections
and the motion are ripe and ready for adjudication.

### III. Legal Standard

#### A. Objections to a Magistrate Judge's R. & R.

Pursuant to Federal Rule of Civil Procedure 72(b), a party
may file specific written objections once a magistrate judge has
entered a recommended disposition. Fed. R. Civ. P. 72(b)(2). A
district court "may accept, reject, or modify the recommended
disposition." *Id.* 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C)
("A judge of the court may accept, reject, or modify, in whole
or in part, the findings or recommendations made by the
magistrate judge."). A district court "must determine de novo
any part of the magistrate judge's disposition that has been
properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however,
the party makes only conclusory or general objections, or simply
reiterates his original arguments, the Court reviews the [R. &
R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d
86, 88 (D.D.C. 2013) (citation omitted). "Under the clearly
erroneous standard, the magistrate judge's decision is entitled
to great deference and is clearly erroneous only if on the
entire evidence the court is left with the definite and firm
conviction that a mistake has been committed." *Buie v. Dist. of
Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C.
Sept. 12, 2019) (citation and internal quotation marks omitted).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented and considered by the magistrate judge are not properly objected to and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (citation and internal quotation marks omitted). The Court reviews Plaintiffs' objections *de novo*.

### B. Rule 12(b)(1) Motion to Dismiss

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted). "A motion to dismiss for mootness is properly brought under Rule 12(b)(1) because mootness itself deprives the court of jurisdiction." *Indian River County v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). "This occurs when, among other things, the court can provide no effective remedy because a party has already obtained all the relief that [it has] sought." *Conservation Force v.*

*Jewell*, 733 F.3d 1200, 1204 (D.D.C. 2013) (citation and internal quotation marks omitted). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the [party]'s allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)). To assess whether a complaint sufficiently alleges subject matter jurisdiction, the court accepts as true the allegations of the complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and liberally construes the pleadings in the plaintiff's favor, *see Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).

### C. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citation and internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI*

*Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted).

### IV. Analysis[5]

#### A. Mootness

##### 1. Ms. Givens' Individual PEME Deductions Claim Is Moot

Plaintiffs' objections do not address Magistrate Judge Faruqui's finding that the voluntary cessation exception to mootness does not apply to Ms. Givens' individual PEME claim. *See* Pls.' Objs., ECF No. 33 at 1-2. Accordingly, that finding is conceded. *Cohen*, 819 F.3d at 480. Instead, Plaintiffs object to Magistrate Judge Faruqui's recommendation that Ms. Givens' PEME claims be dismissed because they were mooted when the District allegedly made the payments to the nursing homes that the District had "forced" her to pay. Pls.' Objs., ECF No. 33 at 2. There is no dispute that the District has now made the corrective payments to the nursing homes. *See* Pls.' Objs., ECF No. 33 at 2-3; Defs.' Opp'n, ECF No. 36 at 4-5. Magistrate Judge Faruqui concluded that her claims were moot because she received

---

[5] Plaintiffs' objections do not address Magistrate Judge Faruqui's finding that her class claim is also moot because she cannot assert an interest in spreading litigation costs among potential class members prior to "a decision on class certification," which has not occurred in this case. R. & R., ECF No. 28 at 9 (quoting *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 50 (1st Cir. 2015)). Accordingly, those findings are conceded. *Cohen v. Bd. of Trs. of the Univ. of the D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016).

the relief she sought—the corrective payments—and that if she wanted a refund of what she paid to the nursing homes, her claim would be against the nursing homes rather than the District. R. &. R., ECF No. 28 at 6-7. To support their position, Plaintiffs make three arguments. First, they argue that Ms. Givens "was damaged in the amounts that the District improperly forced [her] to pay." Pls.' Objs., ECF No. 33 at 2. However, the Amended Complaint contains only a prayer for monetary damages in an amount to be determined at trial. *See generally* Am. Compl., ECF No. 16 at 13. And as Magistrate Judge Faruqui observed, Ms. Given had "failed to allege injury specifically from the delays in corrective payments[,] leaving her without any injury for which the District could compensate her." R. & R., ECF No. 28 at 7.[6] Ms. Givens cannot amend her complaint in her objections to an R. &. R. *Cf. Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)). Second, Plaintiffs argue that Ms. Givens need only plausibly allege that there was a direct causal link between the District's policy or custom and a violation of Section 1983. Pls.' Objs., ECF No. 33 at 2. However, as explained *infra*, the Court concludes that Ms. Givens

---

[6] Plaintiffs did not object to this finding and so have conceded it. *Cohen*, 819 F.3d at 480.

failed to state a claim for a violation of Section 1983. Third, Plaintiffs argue that Ms. Givens need not sue all defendants in one lawsuit on a cause of action. *Id.* at 3 (citing 7 Wright & Miller, Fed. Prac. & Proc. § 1657 (3d ed. 2018) ("[A] plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions.")). However, this argument is beside the point because Defendants here can provide no relief as they have already made the corrective payments.

Accordingly, the Court **ADOPTS** Magistrate Judge Faruqui's conclusion that Ms. Givens' individual PEME deductions claim for monetary damages is moot.

### 2. Fair Hearing Claims

Plaintiffs also object that the fair hearing claims are moot. *See* Pls.' Objs., ECF No. 33 at 5-7. As to Ms. Givens' individual claim, Plaintiffs argue that the "Amended Complaint more than plausibly alleges" Defendants' fair hearing violations. *Id.* at 6. However, Magistrate Judge Faruqui recommended dismissal for lack of jurisdiction due to mootness, not for failure to state a claim. *See* R. & R, ECF No. 28 at 6-8. The Court therefore **ADOPTS** the R. & R.'s recommendation that Ms. Givens' individual fair hearing claim is moot.

Plaintiffs next argue that the class fair hearing claim is not moot because it satisfies the inherently transitory exception to the mootness doctrine. Pls.' Objs., ECF No. 33 at

6. They reason that "individual claims regarding the failure of Defendants to render Medicaid fair hearing decisions within 90 days . . . 'might end before the district court has a reasonable amount of time to decide class certification' and 'some class members will retain a live claim at every stage of litigation.'" *Id.* (quoting *J.D. v. Azar*, 925 F.3d 1291, 1311-12 (D.C. Cir. 2019) (per curiam)). They also provide citations to several cases in which public benefits and/or hearings for those benefits were not decided within statutorily required time frames and courts applied the inherently transitory exception. *See id.* at 6-7 (collecting cases).

The inherently transitory exception to the mootness doctrine permits courts to exercise jurisdiction over class claims even though the named plaintiff's individual claims have become moot before class certification. *See Azar*, 925 F.3d at 1310. For this exception to apply, the Court must "determine (i) whether the individual claim might end before the district court has a reasonable amount of time to decide class certification, and (ii) whether some class members will retain a live claim at every stage of litigation." *Id.* at 1311. "Time-limited hearings may trigger this exception." R. & R., ECF No. 28 at 10 (citing *Wilson v. Gordon*, 822 F.3d 934, 947 (6th Cir. 2016)).

The allegations in the Amended Complaint do not support application of the inherently transitory exception here. The

Court agrees with Plaintiffs that the first part of the *Azar* inquiry has been satisfied. The District can and often does issue hearing decisions within 90 days. *Cf.* Am. Compl., ECF No. 16 at 8 ¶ 34 (alleging more than 40 violations); R. & R., ECF No. 28 at 13 (250,000 individuals in the District enrolled in Medicaid at the time of the Amended Complaint). Thus, "[t]he claims at issue likely will, or at least might, end quickly." *Azar*, 925 F.3d at 1311. However, the Amended Complaint does not support a conclusion that some class members will retain a live claim at every stage of litigation. It "alleges that some 40 individuals have had hearing delays in the past three years but is silent on whether and how those claims remain live." R. & R., ECF No. 28 at 10 (citing Am. Compl., ECF No. 16 at 8 ¶ 31). This case is unlike others in which the exception has applied because in those cases, the plaintiffs alleged that some members of the class continued to be injured after the named plaintiff's claims were mooted. *See Azar*, 925 F.3d at 1312 ("ORR continues to keep pregnant minors, and the plaintiffs represent that about a dozen expressed an interest in abortion or related information during the first six months after the issuance of the injunction."); *Wilson*, 822 F.3d at 945 (no dispute that this requirement was met); *Garnett v. Zeilinger*, 323 F. Supp. 3d 58, 68 (D.D.C. 2018) ("[A]s noted in the ruling on the motion for the preliminary injunction, the District has admitted that it is not processing

16

all applications . . . . [A]t any given moment there are recipients who are not receiving SNAP benefits owed under the law because of a delay in processing their applications.").

Accordingly, the Court **ADOPTS** Magistrate Judge Faruqui's recommendation to dismiss the individual and class fair hearing claims as moot.

### B. Magistrate Judge Faruqui Correctly Concluded that Ms. Givens Failed to State a Claim

Plaintiffs also object to Magistrate Judge Faruqui's recommendation that the Court dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). *See* Pls.' Objs., ECF No. 33 at 3-5. For the reasons that follow, the Court **ADOPTS** the R. & R. with respect to Defendants' Rule 12(b)(6) Motion to Dismiss.

Section 1983 provides a civil remedy for an individual who has been deprived, by a person acting under color of state law, of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. As a municipality, the District is liable under Section 1983 for the acts of its employees "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The Court must conduct a two-step inquiry to assess whether the Amended Complaint states a claim for municipal liability: (1) it must "determine whether the complaint states a claim for a predicate constitutional violation," and (2) if so, it must "determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citations omitted). Such a policy or custom

> exists when (1) the municipality adopts a policy that itself violates the Constitution; (2) the unconstitutional action was taken by a "policy maker" within the government; (3) the employees' unconstitutional actions "are so consistent that they have become [a] 'custom' " of the municipality of which the supervising policymaker must have been aware; or (4) the municipality knew or should have known of a risk of constitutional violations, but showed "deliberate indifference" to that risk by failing to act.

*Hurd v. Dist. of Columbia*, 997 F.3d 332, 337 (D.C. Cir. 2021) (quoting *Baker*, 326 F.3d at 1306) (other citations omitted).

The Amended Complaint contains allegations about two policies and/or practices. First, Ms. Givens alleges that Defendants "have a policy and/or practice of failing to deduct from Medicaid applicants'/recipients' income the medical and remedial expenses the applicants/recipients incurred prior to becoming financially eligible for the Medicaid program." Am. Compl., ECF No. 16 at 7 ¶ 30. Second, she alleges that

18

Defendants "have a policy and/or practice of failing to render Medicaid fair hearing decisions within 90 days of the requests for such hearings." *Id.* at 8 ¶ 31. To support her claims, she further alleges that Defendants have failed to make appropriate deductions and have failed to provide timely fair hearing decisions for over 40 other Medicaid applicants/recipients in the past three years. *See id.* at 7-8 ¶¶ 30-31.

In their objections to the R. & R., Plaintiffs argue that Magistrate Judge Faruqui's conclusion that these violations are the "'result of an admitted failure to follow the District[']s policy' is unsupportable on Defendants['] Rule 12(b)(1)[7] and 12(b)(6) motions." Pls.' Objs., ECF No. 33 at 4 (quoting R. & R., ECF No. 28 at 14). As to the Rule 12(b)(6) motion, Plaintiffs contend that "[n]othing in the First Amended Complaint supports Magistrate[] Judge Faruqui's conclusion" that the PEME deduction and fair hearing decision violations are "a result of an admitted failure to follow the District[']s

---

[7] As to the Rule 12(b)(1) motion, Plaintiffs argue that "[i]t is completely improper on a motion to dismiss for lack of subject matter jurisdiction to factually decide one of the contested *merits* issues in the case, i.e., what the District's policy was with respect to PEME deductions." Pls.' Objs., ECF No. 33 at 4. But as Defendants point out in their response, *see* Defs.' Opp'n, ECF No. 36 at 7; Magistrate Judge Faruqui drew this conclusion in evaluating Defendants' Rule 12(b)(6) motion, *see* R. & R., ECF No. 28 at 14. Nowhere in the R. & R. does the Magistrate Judge suggest that the failure to state a claim has caused a failure of jurisdiction. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998).

policy." Pls.' Objs., ECF No. 33 at 5 (quoting R. & R., ECF No. 28 at 14). Instead, the Amended Complaint alleges only that the District's policy and/or practice is to not make PEME deductions and to not issue timely hearing decisions. *See* Am. Compl., ECF No. 16 at 7-8 ¶¶ 30-31.

The Court of Appeals for the D.C. Circuit ("D.C. Circuit") "has identified several ways in which a plaintiff may allege a municipal policy." *Blue v. Dist. of Columbia*, 811 F.3d 14, 18 (D.C. Cir. 2015). To state a claim, "a plaintiff must plead the elements of the relevant type of municipal policy" and "indicate[] the contours" of that type of policy. *Id.* at 20. Ms. Givens did not do so. The Amended Complaint contains no facts alleging that: (1) the District adopted an unconstitutional policy; (2) a "policy maker" has taken unconstitutional action; (3) District employees have a custom of unconstitutional action of which the supervising policy maker must know; or (4) the District is deliberately indifferent to the risk of constitutional violations. *See Hurd*, 997 F.3d at 337; *see generally* Am. Compl., ECF No. 16. The failure to allege such facts is fatal to Plaintiffs' claims. *See, e.g.*, *Trimble v. Dist. of Columbia*, 779 F. Supp. 2d 54, 57-59 (D.D.C. 2011) ("[M]erely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any

factual heft to support the allegation is insufficient to state a claim under § 1983.").

Plaintiffs argue that the Amended Complaint contains sufficient "factual heft" to survive Defendants' Motion to Dismiss. *See* Pls.' Objs., ECF No. 33 at 3, 5. To clarify, "[t]here is no heightened pleading standard in a case alleging municipal liability for a civil rights violation. Nevertheless, [a] Complaint must include some factual basis for the allegation of a municipal policy or custom." *Faison v. Dist. of Columbia*, 907 F. Supp. 2d 82, 85 (D.D.C. 2012) (citations and internal quotation marks omitted), *aff'd*, No. 13-7021, 2013 WL 5975981 (D.C. Cir. Oct. 23, 2013) (per curiam). Plaintiffs claim that the Amended Complaint meets this standard because it "describe[s] plainly" that Defendants have failed to make PEME deductions and issue timely fair hearing decisions "over 40 times in a three-year period." Pls.' Objs., ECF No. 33 at 3; *see also id.* at 5. Defendants respond that "[i]t is not enough to describe factual allegations concerning a single violation, and then simply allege, without support, that the District has acted similarly in 40 or more instances to infer the existence of a custom or policy." Defs.' Opp'n, ECF No. 36 at 9 (collecting cases where the plaintiff pled facts about only a single incident).

For the purposes of this motion, the Court accepts as true the allegation that the District has failed to make PEME deductions and issue timely fair hearing decisions more than 40 times in three years. *See Atherton*, 567 F.3d at 681. However, Ms. Givens pled facts about only one incident: the District's failure to make PEME deductions and issue a timely fair hearing decision for her. *See generally* Am. Compl., ECF No. 16. Ms. Givens' "bare assertion that such problem has happened 40 other times," R. & R., ECF No. 28 at 15; without any facts about those other incidents, is not enough under *Twombly* and *Iqbal*, *see, e.g.*, *Ryan v. Dist. of Columbia*, 306 F. Supp. 3d 334, 345-46; *cf. Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 776 (D.C. Cir. 2018) (describing detailed allegations the plaintiff made regarding 19 incidents). Without any facts describing those 40 other incidents, the Amended Complaint contains "[p]roof of a single incident of unconstitutional activity," and that "is not sufficient to impose liability under *Monell*." *Trimble*, 779 F. Supp. 2d at 58 (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-34 (1985)); *Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 12 (D.D.C. 2015) (quoting same).

Applying our liberal pleading standard, *Barr*, 370 F.3d at 1199; Magistrate Judge Faruqui appropriately considered whether the Amended Complaint contains "allegations of practices so persistent and widespread . . . as to be considered a . . .

policy," *Ryan*, 306 F. Supp. 3d at 346 (citation and internal quotation marks omitted). But without any factual allegations in the Amended Complaint as to the 40 other violations, Magistrate Judge Faruqui was left with only facts for which he may take judicial notice. *See Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007); R. & R., ECF No. 28 at 13-14 (citing U.S. Census Bureau, *QuickFacts: District of Columbia*, July 1, 2019, available at: https://www.census.gov/quickfacts/DC and Dist. of Columbia Dep't of Healthcare Fin., *Monthly Enrollment Report*, Jan. 25, 2021, available at: https://dhcf.dc.gov/node/1521576). The Court agrees with Magistrate Judge Faruqui that the "bare assertion" in the Complaint, along with the facts of which the Court may take judicial notice, do not plausibly show anything more than "apparently rare administrative mistakes and backlog" in implementing federal and District Medicaid requirements. R. & R., ECF No. 28 at 14. In other words, the factual allegations only support an inference that the District failed to follow a policy of making proper PEME deductions and issuing timely fair hearing decisions.

To excuse Ms. Givens' pleading failure, Plaintiffs argue that "the details describing those [40 other] violations is information 'peculiarly in the possession' of Defendants," and so Ms. Givens could plead only "upon information and belief."

Pls.' Objs., ECF No. 33 at 3-4 (collecting cases). The Court
does not dispute that "[a] plaintiff still may plead on
'information and belief' where the facts are peculiarly within
the possession and control of the defendant." *Kelleher v. Dream
Catcher, L.L.C.*, 263 F. Supp. 3d 322, 325 (D.D.C. 2017). Given
the nature of Medicaid proceedings, the Court recognizes that
Ms. Givens could not access confidential information about other
Medicaid applicants and recipients. The Court is not now
suggesting that Ms. Givens should have submitted declarations or
detailed allegations to support her claims. *See* Pls.' Objs., ECF
No. 33 at 4 (citing *Arista Records LLC v. Doe*, 604 F.3d 110,
119-20 (2d Cir. 2010) and other cases). Even so, *Twombly* and
*Iqbal* require that the complaint "contain *sufficient factual
matter*, accepted as true, to state a claim to relief that is
*plausible on its face*." *Iqbal*, 556 U.S. at 678 (citation and
internal quotation marks omitted) (emphasis added). Ms. Givens
did not carry her burden to allege sufficient factual matter, as
explained *supra*. The Court agrees with Magistrate Judge Faruqi
that the factual allegations, construed liberally, do not
plausibly support an inference that Defendants have a policy
and/or practice of failing to make PEME deductions and failing
to issue timely fair hearing decisions. *See* R. & R., ECF No. 28
at 14-15.

Accordingly, the Court concludes that the Amended Complaint does not state a claim and **ADOPTS** the R. & R. as to the Rule 12(b)(6) Motion to Dismiss.

**V.   Conclusion**

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Faruqui's R. & R., ECF No. 28; and **GRANTS** Defendants' Motion to Dismiss, Defs.' Mot. Dismiss Pl.'s First Am. Compl., ECF No. 18. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

```
Signed:   Emmet G. Sullivan
          United States District Judge
          September 30, 2022
```