# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EVA MAE GIVENS,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**MURIEL BOWSER,** *et al.*,<br><br>    **Defendants.** | **Civil Action No. 1:20-cv-00307-EGS/ZMF** |

## DEFENDANTS' OPPOSITION TO MOVANTS' MOTION FOR RECONSIDERATION

**Table of Contents**

Table of Authorities ............................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

STANDARD OF REVIEW .................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

    I.     Movants Lack Standing To Seek Reconsideration of the Court's Order Dismissing this Case Because They Are Not Parties to the Litigation. ..................................................... 4

    II.    Even If Movants Had Standing, Their Motion for Reconsideration Should Be Denied Because It Fails To Identify Any Clear Error or Manifest Injustice. ............................ 5

    III.   Even if the Court Grants the Motion for Reconsideration and Dismisses the Complaint Without Prejudice, It Should Not Order Briefing on Movants' Motion for Leave to File a Second Amended Complaint. ....................................................................................... 8

        A.    If the Court Converts the Dismissal to One Without Prejudice, It Should Grant the District's Motion to Dismiss Under Rule 25(a). ......................... 8

        B.    If the Court Denies the District's Rule 25 Motion to Dismiss, It Should Deny Movants' Motion to Substitute Because Plaintiff Givens' Claims Have Been Extinguished. ............................................................................ 9

        C.    Even If Movants Are Substituted as Plaintiffs, the Court Need Not Permit Briefing To Resume on the Motion for Leave To Amend Because the Proposed Amendments Are Futile. ............................................................ 10

CONCLUSION ................................................................................................................. 13

## Table of Authorities

**Cases**

*U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., Inc.,* 403 F.Supp.2d 34 (D.D.C.2005) ................................................................................................................ 4

*Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77 (D.D.C. 2015) ............................................... 4

*Belizan v. Hershon*, 434 F.3d 579 (D.C. Cir. 2006) ...................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 12

*Bell v. United States*, 301 F. Supp. 3d 159 (D.D.C. 2018) ........................................................... 10

*Blue v. District of Columbia*, 811 F.3d 14 (D.C. Cir. 2015) ....................................................... 12

*Brown v. Federal Bureau of Prisons*, 602 F. Supp. 2d 173 (D.D.C. 2009) .................................. 10

*Cable News Network, Inc. v. Fed. Bureau of Investigation*, 401 F. Supp. 3d 187 (D.D.C. 2019) . 4

*Cadence Bank, N.A. v. Horry Properties, LLC*, 2012 WL 2917111 (D.S.C. July 17, 2012) ......... 5

Ciralsky v. CIA, 355 F.3d 661 (D.C.Cir.2004) ............................................................................... 6

*City of Dover v. U.S. Env't Prot. Agency*, 40 F. Supp. 3d 1 (D.D.C. 2013) ................................... 6

*City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292 (D.C. Cir. 2009) ....................... 6

*City of Okla. City v. Tuttle*, 471 U.S. 808 (1985) ........................................................................ 12

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.,* 811 F.Supp.2d 216 (D.D.C.2011) ......... 4

*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) ............................................................. 4, 5

*In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506 (S.D.N.Y. 1999) ........................... 5

*Lardner v. FBI*, 875 F. Supp. 2d 49 (D.D.C. 2012) ...................................................................... 6

*Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213 (D.C. Cir. 2018) ................................................ 5

*Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414 (D.D.C. 2005) ........................................ 6

*Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16 (D.D.C. 2009) .......................................... 8

*McNeil v. Brown*, 2019 WL 1003583 (D.D.C. Feb. 28, 2019) ...................................................... 6

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ................................................................... 12

*Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930 (D.C. Cir. 2004) ...................... 10

Niedermeier v. Office of Baucus, 153 F.Supp.2d 23 (D.D.C.2001) ............................................... 3

*Okusami v. Psychiatric Institute of Washington, Inc.*, 959 F.2d 1062 (D.C. Cir. 1992) ................ 7

Owen-Williams v. BB & T Inv. Servs., Inc., 797 F.Supp.2d 118 (D.D.C. 2011) .......................... 4

*Pedraza v. United Guar. Corp.*, 2001 WL 37071198 (S.D. Ga. Sept. 19, 2001) .......................... 5

*Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17 (D.D.C. 2004), ................................................ 8

*RELX, Inc. v. Baran*, 397 F. Supp. 3d 41 (D.D.C. 2019) .............................................................. 12

*Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122 (D.C. Cir. 2012) ................................................ 7

*See Cobell v. Jewell*, 802 F.3d 12 (D.C. Cir. 2015) ........................................................................ 9

*Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001) ................................... 7

*Simpson v. Columbus S. Power Co.*, 2000 WL 420679 (6th Cir. April 11, 2000) ......................... 5

*Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30 (D.D.C. 2013) ........................................ 4

*Solomon v. Univ. of S. California*, 255 F.R.D. 303 (D.D.C. 2009) ................................................ 3

*Trimble v. District of Columbia*, 779 F. Supp. 2d 54 (D.D.C. 2011) ........................................... 12

*United States v. Dist. Council of New York City*, 2007 WL 3196136 (S.D.N.Y. Oct. 26, 2007) ... 4

*Worley v. Islamic Rep. of Iran*, 75 F. Supp. 3d 311 (D.D.C. 2014) ............................................... 9

**Rules**

Federal Rule of Civil Procedure 15 ............................................................................................ 6, 9

Federal Rule of Civil Procedure 25 ........................................................................................ 8, 9, 11

Federal Rule of Civil Procedure 59 ..................................................................................... 3, 4, 5, 6

**INTRODUCTION**

Plaintiff Eva Mae Givens brought this suit nearly three years ago asking the District to correct a miscalculation of her financial contribution to the cost of her nursing home care under Medicaid and to grant her a fair hearing. After receiving all the relief she sought in the Complaint, Plaintiff passed away in January 2021. On September 30, 2022, the Court adopted Magistrate Judge Faruqui's Report and Recommendation and dismissed the case, finding that Plaintiff's claims were moot and that she failed to state any claim for relief against the District.

Movants, Plaintiff's three adult children, now seek to keep the case alive. They have asked the Court to reconsider its order dismissing the case with prejudice and instead to dismiss the case without prejudice, grant them leave to amend their mother's Complaint, and allow them to proceed to litigate her claims. Movants' motion for reconsideration should be denied. To begin, Movants are not parties to this litigation, nor have they sought to intervene, and therefore they lack standing to seek any relief under Rule 59(e). But even if they had standing, their motion for reconsideration should be denied because they have not identified any clear error in the Court's decision or any manifest injustice that would result if reconsideration is not granted.

Further, if the Court grants Movants' motion for reconsideration and converts the dismissal from one with prejudice to one without, briefing on Movants' motion for leave to file a second amended complaint is not warranted, for three reasons. First, the Court can—and should—grant the District's motion to dismiss under Rule 25, filed in April 2021, because Movants' attempt to substitute was untimely. Second, and alternatively, the Court should deny Movants' motion to be substituted as plaintiffs in this litigation for the reasons explained in the District's opposition to Movants' substitution motion, likewise filed in spring 2022, because Plaintiff Givens' claims were extinguished before her death. Third, even if Movants are

substituted as plaintiffs, briefing on the motion for leave to amend is unnecessary because the proposed amendments are futile.

## BACKGROUND

Plaintiff Eva Mae Givens, a Medicaid-eligible nursing home resident prior to her death, sued the District of Columbia alleging that it had improperly calculated how much of the cost of her nursing care it was supposed to pay, and therefore how much Ms. Givens was responsible for paying, by failing to deduct from her income certain pre-eligibility medical expenses (PEME). Am. Compl. [16] ¶ 26.  She further alleged that the District failed to timely provide her a fair hearing to challenge the alleged miscalculation (Fair Hearing claim).  *Id.* ¶ 29.  The District agreed that it had miscalculated Ms. Givens' PEME because an employee had incorrectly applied the District's policy, *see* Defs.' Mot. to Dismiss [18] at 1, and then corrected the records, making the requisite payments to the nursing facilities, *see* Defs.' Reply in Support of Mot. to Dismiss [22] at 7; *Id.*, Ex. F [22-2].[1]  Ms. Givens was ultimately granted a fair hearing on her Medicaid claim and her resulting administrative case was dismissed.  *See* OAH Final Order [21-4] at 1, 3.

The District moved to dismiss the Amended Complaint on July 1, 2020 [18], arguing that Ms. Givens' claims were moot and that the Complaint failed to state a claim for relief on the merits because, among other things, Plaintiff failed to allege municipal liability.  Plaintiff opposed [20] and, by October 13, 2020 Minute Order, the case was referred to Magistrate Judge Zia M. Faruqui "for full case management."  Ms. Givens then passed away on December 24, 2020, and Suggestions of Death were filed by counsel—the same attorneys who represent Movants here—on January 13, 2021 [25, rejected] and January 25, 2021 [26, corrected].

---

[1]   All citations are to ECF page numbers irrespective of internal numbering.

On April 29, 2021, the District moved again to dismiss the Amended Complaint [27], this time under Rule 25(a)(1). No direct opposition or response was made. Shortly thereafter, on May 3, 2021, Magistrate Judge Faruqui issued the Report and Recommendation [28] (the Report), recommending that the Court dismiss Ms. Givens' complaint for lack of jurisdiction and for failure to allege municipal liability. Then, on May 16, 2021, Ms. Givens' three surviving children (Movants here) moved, among other things, to be substituted as plaintiffs and for leave to file a second amended complaint [29–32], and for leave to file their objections to the Report [33]. The Court granted the Motion to Substitute "for the limited purpose of objecting to the Report and Recommendation," but withheld consideration of the motion "for all other purposes," and stayed briefing on Movants' motion for leave to file a second amendment complaint until the Report was resolved. *See* June 16, 2021 Minute Order.

On September 30, 2022, the Court adopted Magistrate Judge Faruqui's Report and dismissed Plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6), finding that Plaintiff's claims were moot and that she failed to allege municipal liability. *See generally*, Mem. Op. [45]. On October 28, 2022, Plaintiff's children moved for reconsideration, arguing that it was "clear error" to dismiss the Complaint with prejudice and asking the Court to convert the dismissal to one without prejudice and allow briefing to proceed on Movants' motion for leave to file a second amended complaint. *See* Mot. for Reconsideration [48] at 2–3.

## STANDARD OF REVIEW

Rule 59(e) "allows a party to file a [m]otion for [r]econsideration, but these motions 'are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.'" *Solomon v. Univ. of S. California*, 255 F.R.D. 303, 305 (D.D.C. 2009), *aff'd*, 360 F. App'x 165 (D.C. Cir. 2010) (quoting *Niedermeier v. Office of Baucus,* 153 F.Supp.2d 23, 28 (D.D.C.2001)). "The strictness with which such motions are viewed is

3

justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 34–35 (D.D.C. 2013) *(*quoting *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., Inc.,* 403 F.Supp.2d 34, 36 (D.D.C.2005)). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 401 F. Supp. 3d 187, 190 (D.D.C. 2019) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Finally, "the party seeking reconsideration bears the burden of establishing that such relief is warranted under the circumstances." *Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 81 (D.D.C. 2015), *aff'd*, 684 F. App'x 985 (Fed. Cir. 2017) (citing *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.,* 811 F.Supp.2d 216, 226 (D.D.C.2011)).

## ARGUMENT

**I.     Movants Lack Standing To Seek Reconsideration of the Court's Order Dismissing this Case Because They Are Not Parties to the Litigation.**

Although Movants do not specify under what Rule they are seeking reconsideration, "[a]s a general matter, courts treat a motion for reconsideration as originating under Rule 59(e) if it is filed within 28 days of the entry of the order at issue." *Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F.Supp.2d 118, 121–22 (D.D.C. 2011).  But under Rule 59(e), only *parties* can move to alter or amend a judgment.  *See United States v. Dist. Council of New York City*, 2007 WL 3196136, at *1 (S.D.N.Y. Oct. 26, 2007) (explaining that Rule 59(a)'s limitation of available relief to "parties … clearly extends to Rule 59(e)'s provision for a motion to alter or amend a judgment").  Non-parties generally lack standing to seek relief under Rule 59(e).  *See Simpson v.*

4

*Columbus S. Power Co.*, 2000 WL 420679, *2 (6th Cir. April 11, 2000) (noting district court denial of motion under Rule 59(e) on the grounds that "nonparty … did not have standing to bring a Rule 59 motion to amend the judgment"); *Pedraza v. United Guar. Corp.*, 2001 WL 37071198, at *2 (S.D. Ga. Sept. 19, 2001) (finding non-parties lack standing to bring a motion under Rule 59(e)); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) (holding that a non-party denied intervention lacks standing to being a Rule 59(e) motion); *see also Cadence Bank, N.A. v. Horry Properties, LLC*, 2012 WL 2917111, at *2 (D.S.C. July 17, 2012) (explaining that before considering non-party's motion under Rule 59(e), court would have to permit intervention).

Movants, the three adult children of deceased Plaintiff Givens, are not parties to the litigation. Although they moved to be substituted as plaintiffs in May 2021, that motion was granted for the "limited purpose of objecting to the Report and Recommendation," and nothing else. *See* June 16, 2022 Minute Order. Because Movants are not parties and have not moved to intervene under Rule 24—let alone been granted intervention—they lack standing to seek relief under Rule 59(e) and their motion should be dismissed.

II.     **Even If Movants Had Standing, Their Motion for Reconsideration Should Be Denied Because It Fails To Identify Any Clear Error or Manifest Injustice.**

As noted above, "under Rule 59(e), the court may grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone,* 76 F.3d at 1208). "[I]t is well settled in the D.C. Circuit—and in virtually every circuit to have considered the question—that once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first

satisf[ies] Rule 59(e)'s more stringent standard for setting aside that judgment." *City of Dover v. U.S. Env't Prot. Agency*, 40 F. Supp. 3d 1, 4 (D.D.C. 2013) (cleaned up; internal quotations omitted to *Ciralsky v. CIA,* 355 F.3d 661, 673 (D.C.Cir.2004) and *Firestone*, *supra*).

Movants first argue that the Court committed clear error when it dismissed the case with prejudice and "ignored Movants' pending motion [for leave] to file a Second Amended Complaint," which they allege would have cured the pleading deficiencies that led to the dismissal. *See* Mot. for Reconsideration at 2; Mem. In Support of Mot. for Reconsideration at 5 [48-1]. "'Clear error' is a very exacting standard," *McNeil v. Brown*, 2019 WL 1003583, at *2 (D.D.C. Feb. 28, 2019) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005), "tantamount to a requirement that the judgment be 'dead wrong,'" *id.* (quoting *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)) (additional quotations omitted). Movants' have not met their burden to demonstrate clear error.

Although *Belizan v. Hershon*, 434 F.3d 579 (D.C. Cir. 2006)—the only case cited by Movants in support of their motion for reconsideration—suggests that a heightened standard should be met when dismissing a case with prejudice, *see* Mot. at 2, critical to the outcome in that case was the fact that the *plaintiffs* had sought leave to amend their complaint, and the district court failed to consider whether the proposed amendments would cure the pleading deficiencies before dismissing the case with prejudice. *Id.* at 582; *see also City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009) (affirming dismissal with prejudice where the *plaintiff* "never moved to amend its complaint in the District Court").

But here, contrary to Movants' assertion, there was no "pending" motion for leave to file a second amended complaint when the Court dismissed the case. Under Rule 15(a)(2), only "a *party* may amend *its* pleading," and Movants were neither parties to the litigation nor did they

6

have a pending complaint at the time they docketed their motion for leave.  Quite simply, Movants lack standing to seek leave to amend the complaint unless and until their motion to be substituted as plaintiffs is granted for that purpose.  And as noted above, it never was.  *See* June 16, 2021 Minute Order.  Therefore, at the time the Court dismissed the case, there was no pending motion for leave to amend for the Court to consider—or to ignore—and it was not clear error to dismiss the case with prejudice.

Moreover, as noted in then-Judge Kavanaugh's concurrence in *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132 (D.C. Cir. 2012), there is some tension between the caselaw in this circuit and the Federal Rules regarding when dismissal with prejudice is warranted under Rule 12(b)(6).  As Judge Kavanaugh explained, "when a district court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, that dismissal 'operates as an adjudication on the merits' … [a]nd 'an adjudication on the merits' is synonymous with a dismissal with prejudice." *Rollins*, 703 F.3d at 132 (Kavanaugh, J., concurring) (citing *Semtek International Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001)).  Thus, "Rule 41(b) indicates that Rule 12(b)(6) dismissals are typically with prejudice and do not require particular justification by the district court."  *Id.*  (citing *Okusami v. Psychiatric Institute of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992)).  In the face of this tension, it cannot be said that a dismissal with prejudice here, where the Court found that the Complaint—brought by a party who had a previous opportunity to amend her complaint, received all the relief she sought, and is now deceased—failed to state any claim for relief on the merits, was "dead wrong."

Movants also argue that "reconsideration is necessary to prevent the manifest injustice of the [District's] continuing pattern of violations" of Medicaid's fair hearing timeliness requirements.  *See* Mot. at 3; Mem. at 6.  In essence, Movants argue that it would be manifestly

7

unjust not to grant them the relief their mother sought in her lawsuit. Although "courts have not precisely defined what constitutes manifest injustice," *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 22 (D.D.C. 2004), as amended (May 13, 2004) (internal quotations omitted), this is clearly not sufficient. If a movant could demonstrate manifest injustice simply by arguing they had not received the relief sought in the lawsuit, it is hard to imagine a case where that standard would not be met.

### III. Even if the Court Grants the Motion for Reconsideration and Dismisses the Complaint Without Prejudice, It Should Not Order Briefing on Movants' Motion for Leave to File a Second Amended Complaint.

#### A. If the Court Converts the Dismissal to One Without Prejudice, It Should Grant the District's Motion to Dismiss Under Rule 25(a).

If the Court converts its dismissal of the Complaint to a dismissal without prejudice, it should resolve the District's pending motion to dismiss under Rule 25(a)(1) [27] before turning to the Movants' motion to substitute. Rule 25(a)(1) provides that, if a party dies, a "motion for substitution may be made by any party or by the decedent's successor or representative." But "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added).

Here, a notice of suggestion of Ms. Givens' death was filed on January 25, 2021 [26]. No motion for substitution was made within 90 days of the filing of that notice (the deadline to do so was April 26, 2021). *See generally* Court Docket. As such, and as explained in the District's Rule 25(a)(1) dismissal motion filed on April 29, 2021, by the strict terms of Rule 25, the Court was required to dismiss Plaintiff Givens' complaint for failure to timely substitute. Fed. R. Civ. P. 25(a)(1). *See Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 19 (D.D.C. 2009) (referring to fact that when formal notice of suggestion of death is filed on the record, dismissal under Rule 25(a)(1) is "mandatory"); *see also Worley v. Islamic Rep. of Iran*, 75 F.

Supp. 3d 311, 333 (D.D.C. 2014) (referring to Rule 25(a)(1) as "requiring dismissal of an action if a motion to substitute a proper party is not made within 90 days after service of a statement noting the death of a party").

### B. If the Court Denies the District's Rule 25 Motion to Dismiss, It Should Deny Movants' Motion to Substitute Because Plaintiff Givens' Claims Have Been Extinguished.

Before lifting the stay on Movants' motion for leave to file a second amended complaint, the Court would need to substitute Movants as plaintiffs under Rule 25(a) because only parties have standing to seek relief under Rule 15(a).  Rule 25(a) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  As explained in the District's opposition to Movants' Motion to Substitute [34-1], and affirmed in this Court's Order dismissing this case, Plaintiff Givens' claims were moot—and thereby "extinguished"—when the District made corrective payments to the nursing facilities where she resided, and provided her a fair hearing.  *See* Defs.' Opp'n to Mot. to Substitute at 5; Mem. Op. at 12–17.

But even if that were not the case, "the death of a party generally moots any claim for injunctive relief."  *See Cobell v. Jewell*, 802 F.3d 12, 23 (D.C. Cir. 2015) (citing cases); Defs.' Opp'n to Mot. to Substitute at 5.[2]  And Plaintiff Givens' claims have now also been dismissed in a final appealable order [46].  Simply put, there is currently no surviving right of action against the District for the Movants to maintain and their motion to substitute should be denied.  *See* Defs.' Opp'n to Mot. to Substitute at 5–6.

---

[2]     Although the Amended Complaint included a request for "monetary damages in an amount to be determined at trial," Am. Compl. at 13, as this Court observed, Plaintiff Givens "failed to allege injury specifically from the delays in corrective payments[,] leaving her without any injury for which the District could compensate her."  *See* Mem. Op. at 13 (citing Report at 7).

> **C.   Even If Movants Are Substituted as Plaintiffs, the Court Need Not Permit Briefing To Resume on the Motion for Leave To Amend Because the Proposed Amendments Are Futile.**

Even if the Court grants Movants' motion for reconsideration, denies the District's motion to dismiss under Rule 25, and substitutes Movants as plaintiffs in this case, it should decline Movants' request to "direct[ ] Magistrate Judge Faruqui to permit briefing to resume on Movants' motion for permission to file a Second Amended Complaint" because the proposed amendments are futile. *See* Mot. for Reconsideration at 3; *see also Brown v. Federal Bureau of Prisons*, 602 F. Supp. 2d 173, 175 (D.D.C. 2009) (explaining leave to amend should be denied if "the amendment would be futile, that is, if the proposed claim would not survive a motion to dismiss"); *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004) (same); *Bell v. United States*, 301 F. Supp. 3d 159, 165 (D.D.C. 2018) ("Where ... the proposed amended complaint would not survive a motion to dismiss, leave to amend appropriately is denied.").

*First*, none of the amendments in the proposed Second Amended Complaint address the Court's finding that Plaintiff's PEME claim is moot. *See generally*, Proposed Second Am. Compl.; Mem. In Supp. of Mot. for Reconsideration at 3–5 (including no mention of amendments to Plaintiff's PEME claim).[3] Movants motion for leave to file a second amended complaint simply reiterates verbatim the unsuccessful arguments related to Plaintiff's PEME claim that they raised in their objections to the Report. *Compare* Mot. for Leave at 8–10, *with* Movants Objections [33] at 1–5. Therefore, the proposed amendments are futile because the

---

[3]   The proposed amendments are not entirely clear because Movants failed to comply with the Court's standing order and did not file a redline of the proposed Second Amended Complaint compared against the Amended Complaint. *See* Judge Emmet G. Sullivan Standing Order [4] ¶ 7 ("Any amended submissions shall be accompanied by a redline comparison of the original and amended pleading.); Proposed Second Am. Compl. [31].

PEME claim in the proposed Second Amended Complaint would not—and did not—survive a motion to dismiss.

*Second*, the proposed amendments related to the merits of Plaintiff's Fair Hearing and PEME claims do not cure the pleading deficiencies identified in the Report and the Court's memorandum opinion, and so would not survive a motion to dismiss under Rule 12(b)(6). The Court, in adopting the Report, explained that Plaintiff Givens failed to allege municipal liability for her Fair Hearing and PEME claims because, despite alleging "that the District has failed to make PEME deductions and issue fair hearing decisions more than 40 times in three years,"—

> Ms. Givens pled facts about only one incident: the District's failure to make PEME deductions and issue timely fair hearing decisions for her. *See generally* Am. Compl., ECF No. 16. Ms. Givens' "bare assertion that such problem has happened 40 other times," R. & R., ECF No. 28 at 15; without any facts about those other incidents, is not enough under *Twombly* and *Iqbal*, *see, e.g.*, *Ryan v. Dist. of Columbia*, 306 F. Supp. 3d 334, 345-46; *cf. Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 776 (D.C. Cir. 2018) (describing detailed allegations the plaintiff made regarding 19 incidents). Without any facts describing those 40 other incidents, the Amended Complaint contains "[p]roof of a single incident of unconstitutional activity," and that "is not sufficient to impose liability under *Monell*." *Trimble*, 779 F. Supp. 2d at 58 (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-34 (1985)); *Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 12 (D.D.C. 2015) (quoting same).

Mem. Op. at 22.

The proposed Second Amended Complaint attempts to overcome this deficiency by alleging that "over the last four years," the District has failed to make PEME deductions and issue timely fair hearing decisions for "hundreds, if not thousands of persons, and continue[s] to do so." *See* Proposed Second Am. Comp. ¶¶ 31–32; *see also id.* ¶¶ 37, 39. But the factual allegations related to Plaintiff's claims, along with the "bare assertion" that the problem has happened to "hundreds, if not thousands of persons," as opposed to "forty other times," without any additional facts to describe the other incidents, are nothing more than alleged "[p]roof of a

11

single incident of unconstitutional activity," which is "not sufficient to impose liability under *Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)]." *See Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 58 (D.D.C. 2011) (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-34 (1985)).  If a plaintiff could plead municipal liability simply by alleging that a particular violation had occurred multiple times, while providing factual support for only one violation, the pleading requirements of Rule 8(a) would be rendered meaningless.  *See Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (applying two-step analysis of *Ashcroft v. Iqbal*, 556 U.S. 544 (2007) to pleading asserting municipal liability under § 1983).

Movants citations to the Office of Administrative Hearings' (OAH's) aggregate statistics and reports on the timeliness of virtually all fair hearing decisions are likewise insufficient to plead municipal liability as to Plaintiff's Medicaid Fair Hearing claim.  *See* Proposed Second Am. Compl. ¶¶ 33–39.  For one, the statistics cited are not specific to decisions rendered in Medicaid cases but rather include decisions rendered in all cases filed at OAH with the exception of non-unemployment insurance cases.  Movants' conclusions based on these reports about the number of Medicaid fair hearings that were not timely decided amount to mere speculation.  *See RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 48 (D.D.C. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("In order to survive a Rule 12(b)(6) motion, the plaintiff must present factual allegations that are sufficiently detailed 'to raise a right to relief above the speculative level.'").

For example, the fact that "OAH failed to resolve 16.2% of non-unemployment insurance coverage cases within 120 days of filing" in 2018, *see* Proposed Second Am. Compl. ¶ 32, alleges nothing about OAH's timeliness for rendering decisions in Medicaid cases.  It could be entirely consistent with that statistic that the majority of decisions in Medicaid cases were issued

12

within 90 days, but decisions in other types of cases—such as disputes over worker's compensation claims, paid family leave benefits, public benefits through the Department of Human Services such as Supplemental Nutrition Assistance Program (SNAP, also known as Food Stamps), Temporary Assistance for Needy Families (TANF), rental assistance, shelter programs, stop work orders, among countless others[4]—took much longer.  Further, although Movants allege that for each fiscal year from 2018 to 2020, "there were hundreds, if not thousands of Medicaid fair hearings that OAH did not decide within 90 days of the requests for those hearings," *see* Proposed Second Am. Compl. ¶¶ 37,  Movants do not offer any facts, or cite to anything in the reports, to support the assertion that thousands of requests for Medicaid fair hearings are even filed in any given year—let alone that they remain undecided after 90 days.

Because Movants' proposed Second Amended Complaint fails to cure the deficiencies that led to the Court's dismissal of the Amended Complaint, and therefore could not survive a motion to dismiss, allowing the amendment would be futile.[5]

## CONCLUSION

For the foregoing reasons, the Court should deny Movants' Motion for Reconsideration.

Date:  November 17, 2022.                           Respectfully Submitted,

                                                    KARL A. RACINE
                                                    Attorney General for the District of Columbia

                                                    CHAD COPELAND
                                                    Deputy Attorney General
                                                    Civil Litigation Division

---

[4]    Additional information about the types of cases that can be brought before OAH can be found here:  https://oah.dc.gov/page/help (last accessed Nov. 15, 2022).

[5]    The proposed amendments related to Plaintiff Givens' Fair Hearing class claim are similarly not sufficient to satisfy the inherently transitory exception to mootness because, like in the Amended Complaint, they "allege[ ] that [hundreds, if not thousands of] individual have had hearing delays in the past four years, but [are] silent on whether and how those claims remain live." *See* Prop. Second Am. Compl. ¶ 32; Mem. Op. at 16.

13

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-6591
Email: honey.morton@dc.gov

*Counsel for Defendant*
