UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVA MAE GIVENS,<br><br>             Plaintiff,<br><br>v.<br><br>MURIEL BOWSER, in her official capacity as Mayor, Washington, D.C., *et al.*,<br><br>             Defendants. | Civil Action No. 20-307<br>        (EGS/ZMF) |

**MEMORANDUM OPINION**

I.  Introduction

Movants Eugene P. Givens, Jr., Deborah R. Bowser, and Anthony D. Givens (collectively, "Movants") submit this motion asking the Court to reconsider its Memorandum Opinion and Order adopting Magistrate Judge Zia M. Faruqui's Report and Recommendation ("R. & R.") and granting Defendants' Motion to Dismiss. *See* Movants' Mot. Recons., ECF No. 48.[1] Upon careful consideration of the motion, opposition, and reply thereto, the applicable law, and the entire record herein, the Court hereby **DENIES** Movants' motion.

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

1

## II. Background

### A. Factual

The background of this dispute was set forth in the Court's prior opinion and will not be repeated here. *See Givens v. Bowser*, No. CV 20-307 (EGS/ZMF), 2022 WL 4598576 (D.D.C. Sept. 30, 2022). In short, Eva Mae Givens ("Ms. Givens" or "Plaintiff") was a nursing home resident who applied for Medicaid benefits on February 26, 2019 to pay for her medical expenses, including her nursing home care. Am. Compl., ECF No. 16 ¶¶ 1, 24. Along with her application, she submitted copies of unpaid medical bills totaling $40,184 and argued that these unpaid bills qualified for a PEME deduction. *Id*. ¶ 25.

On May 17, 2019, the District of Columbia (the "District") determined that Ms. Givens was eligible for Medicaid benefits but did not provide an appropriate PEME deduction. *Id.* ¶ 26. Consequently, beginning February 1, 2019, she was required to pay $2,044 per month for her nursing home care, and she was unable to use that money to pay off the $40,183.93 in unpaid bills. *Id*.

On June 6, 2019, Ms. Givens filed a request with the District's Office of Administrative Hearings ("OAH") for a fair hearing to address the District's failure to approve her request for a PEME deduction. *Id.* ¶ 28. OAH called the hearing nine months after Ms. Givens filed her request and eventually

dismissed the case with prejudice in December 2020. *See* Notice of Suppl. Authority, ECF No. 24-1 at 3.

### B. Procedural

Ms. Givens filed this Section 1983 suit against Defendants on February 5, 2020, *see generally* Compl., ECF No. 1; and amended her Complaint on June 3, 2020, *see generally* Am. Compl., ECF No. 16. On July 1, 2020, Defendants filed a Motion to Dismiss the First Amended Complaint. *See generally* Defs.' Mot. Dismiss Pl.'s First Am. Compl., ECF No. 18. Ms. Givens filed her opposition, *see* Pl.'s Opp'n Defs.' Mot. Dismiss Pl.'s First Am. Compl., ECF No. 20; and Defendants filed a reply thereto, *see* Defs.' Reply in Supp. of Mot. Dismiss Pl.'s First Am. Compl., ECF No. 22. The Court referred this case to Magistrate Judge Faruqui for full case management, *see* Minute Order (Oct. 13, 2020); who, on May 3, 2021, issued his R. & R. recommending that the Court grant Defendants' Motion to Dismiss, *see* R. & R., ECF No. 28 at 15.

Before Magistrate Judge Faruqui issued his R. & R., Ms. Givens died. *See* Suggestion of Death, ECF No. 26. On May 16, 2021, Ms. Givens' three children—Movants here—moved to be substituted as plaintiffs, to file a second amended complaint, and to object to the R. & R. *See generally* ECF No. 29. Magistrate Judge Faruqui granted their motion to substitute as

plaintiffs for the limited purpose of objecting to the R. & R. *See* Minute Order (June 16, 2021).

Movants raised several objections to the R. & R, *see generally* Objs. by Eugene P. Givens, Jr., Deborah R. Bowser and Anthony D. Givens to Magistrate Judge Zia M. Faruqui's May 3. 2021 R. & R., ECF No. 33; to which Defendants responded, *see* Defs.' Resp. Objs. Magistrate Judge Zia M. Faruqui's R. & R., ECF No. 36. The Court then issued a Memorandum Opinion and Order adopting the R. & R. and granting Defendants' Motion to Dismiss. *See Givens*, 2022 WL 4598576, at *8; Order, ECF No. 46.

On October 28, 2022, Movants filed this Motion for Reconsideration. *See* Movants' Mot. Recons., ECF No. 48; Eugene P. Givens, Jr., Deborah R. Bowser and Anthony D. Givens' Mem. of Law in Supp. of Mot. Recons. ("Movants' Mot."), ECF No. 48-1. Defendants filed their opposition on November 17, 2022, *see* Defs.' Opp'n Movants' Mot. Recons. ("Defs.' Opp'n), ECF No. 50; and Movants replied on November 25, 2022, *see* Eugene P. Givens, Jr., Deborah R. Bowser and Anthony D. Givens' Reply Mem. of Law in Further Supp. of Mot. Recons. ("Movants' Reply"), ECF No. 51. The motion is now ripe and ready for adjudication.

## III. Legal Standard

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly address motions for reconsideration. *See Sieverding v. U.S.*

*Dep't of Just.*, No. CV 09-562 (JDB), 2010 WL 11667910, at *1 (D.D.C. Apr. 19, 2010) (citing *Lance v. United Mine Workers of Am. 1974 Pension Tr.*, 400 F. Supp. 2d 29, 31 (D.D.C. 2005)). Nevertheless, the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") permits district courts to construe motions for reconsideration as motions to alter or amend the judgment under Rule 59(e). *See Emory v. Sec'y of Navy*, 819 F.2d 291, 293 (D.C. Cir. 1987) (per curiam) (explaining that "[s]uch treatment is appropriate even though the movant does not specify under which rule relief is sought").

Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days of the entry of that judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (citations and internal quotation marks omitted). These motions are "disfavored," and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). Rule 59(e) does not provide a

vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

**B. Objections to a Magistrate Judge's R. & R.**

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(2). A district court "may accept, reject, or modify the recommended disposition." *Id.* 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference and is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. Dist. of*

6

*Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citation and internal quotation marks omitted).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented and considered by the magistrate judge are not properly objected to and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (citation and internal quotation marks omitted). The Court reviewed Movants' objections *de novo*.

**IV. Analysis**

**A. Movants Have Standing to Move for Reconsideration of the Court's Memorandum Opinion and Order**

Courts have routinely held that only parties have standing to bring motions for reconsideration under Rule 59(e). *See, e.g.*, *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) (holding that non-party had no standing to bring Rule 59(e) motion after having been denied intervention). The parties do not dispute this principle. *See generally* Defs.' Opp'n, ECF No. 50 at 8-9; Movants' Reply, ECF No. 51 at 2-3. Instead, they disagree whether Movants are parties within the meaning of the rule.

Defendants assert that Movants are non-parties because: (1) Magistrate Judge Faruqui granted their motion to be substituted

as plaintiffs only "'for the limited purpose of objecting to the [R. & R.],' and nothing else"; and (2) Movants never moved to intervene in the case pursuant to Rule 24. Defs.' Opp'n, ECF No. 50 at 9 (quoting Minute Order (June 16, 2021)). In reply, Movants argue that Magistrate Judge Faruqui's Minute Order permitting them to be substituted as plaintiffs for the purpose of objecting to the R. & R. "plainly encompasses" a motion for reconsideration of this Court's ruling on those objections. Movants' Reply, ECF No. 51 at 3. They further contend that Defendants are too late to object to the Minute Order, *id.* (citing Fed. R. Civ. P. 72(a)); and that their failure to move to intervene "is irrelevant," *id.*

The Court is persuaded that Movants are parties for purposes of this motion. In the Minute Order at issue, Magistrate Judge Faruqui granted Movants' motion to be substituted as plaintiffs "for the limited purpose of objecting to the [R. & R.]." Minute Order (June 16, 2021). In other words, with respect to their objections to the R. & R., Movants are plaintiffs in the case. There is no reason why Movants should lose that status now because they ask the Court to take a second look at their objections to the R. & R. *See Cobell v. Jewell*, 29 F. Supp. 3d 18, 21 (D.D.C. 2014) (explaining that "the typical motion for reconsideration . . . asks a court to take a second look at an issue that was previously raised and ruled upon"),

8

*aff'd in part, vacated in part*, 802 F.3d 12 (D.C. Cir. 2015). The Court therefore concludes that Movants are parties for purposes of this Motion for Reconsideration and have standing to file a Rule 59(e) motion.

### B. The Court Will Not Amend Its Prior Memorandum Opinion or Order

Movants argue that the Court's Memorandum Opinion adopting the R. & R. and granting Defendants' Motion to Dismiss should be amended for two reasons. *See* Movants' Mot., ECF No. 48-1 at 4-6. First, they argue that it was "clear error" to dismiss the case with prejudice and "ignore[]" their pending motion for leave to file a Second Amended Complaint. *Id.* at 5. Second, they assert that "reconsideration is necessary to prevent the manifest injustice" of Defendants' continuing failure to make timely decisions following Medicaid hearings. *Id.* at 6. For the reasons below, the Court **DENIES** Movants' Motion for Reconsideration.

### 1. The Court Did Not Clearly Err in Dismissing the First Amended Complaint with Prejudice

Movants first argue that the Memorandum Opinion is clearly erroneous because it dismissed the First Amended Complaint with prejudice despite the pending motion for leave to file a second amended complaint. *See id.* at 4-6. For support, they cite D.C. Circuit authority that "dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly

9

cure the deficiency." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (quoting *Firestone,* 76 F.3d at 1209). They contend that their proposed second amended complaint "contain[s] allegations that clearly allege that Defendants have a pattern or practice of failing to decide Medicaid Fair Hearings within the required time frames" and "therefore satisf[ies] the inherently transitory exception to the mootness doctrine." *Id.* at 5. Moreover, they continue, they did not unduly delay in moving for leave to file the new complaint and have not "'repeatedly failed' to cure deficiencies." *Id.*

Defendants respond by distinguishing D.C. Circuit precedent. *See* Defs.' Opp'n, ECF No. 50 at 9-11. First, they clarify the holding in *Belizan*, explaining that the *Belizan* court held that dismissal with prejudice was inappropriate because the district court failed to consider the plaintiffs' motion for leave to file an amended complaint. *Id.* at 10 (citing *Belizan*, 434 F.3d at 583). Defendants argue that *Belizan* does not control the outcome here because Movants are not plaintiffs and cannot be plaintiffs unless and until the Court grants their motion to be substituted as plaintiffs. *Id.* at 10-11. For additional support, they cite other D.C. Circuit precedent holding that dismissal with prejudice is appropriate "[w]hen a plaintiff fails to seek leave from the District Court to amend its complaint." *City of Harper Woods Emps.' Ret. Sys. v. Olver*,

10

589 F.3d 1292, 1304 (D.C. Cir. 2009) (citing *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 150-51 (D.C. Cir. 1994); *Drake v. FAA*, 291 F.3d 59, 72 (D.C. Cir. 2002)); *see* Defs.' Opp'n, ECF No. 50 at 10.

The Court is persuaded that it did not clearly err in dismissing the First Amended Complaint with prejudice. D.C. Circuit authority makes clear that dismissal with prejudice is inappropriate when: (1) the plaintiff has moved for leave to amend her complaint; and (2) the court "determines that the allegation of other facts consistent with the challenged pleading could . . . possibly cure the deficiency." *Belizan*, 434 F.3d at 583. Movants have not satisfied the first prong. They are not plaintiffs, *cf.* Minute Order (June 16, 2021) (granting motion to substitute as plaintiffs "for the limited purpose of objecting to the [R. & R.]"); and only a party may move to amend the complaint, *see* Fed. R. Civ. P. 15(a). Movants argue that they did "everything possible" to be substituted as plaintiffs and to amend the First Amended Complaint. Movants' Reply, ECF No. 51 at 4. However, this argument ignores Movants' failure to object to Magistrate Judge Faruqui's order granting their substitution motion in part, staying briefing on their motion for leave to amend the complaint, and withholding consideration of their substitution motion for all other purposes. *See* Docket for Civ. Action No. 20-307; *see also* LCvR 72.2(b) (requiring

11

that parties object to rulings by a magistrate judge within 14 days). Thus, because no plaintiff had a pending motion to amend the complaint at the time of dismissal, the Court did not clearly err in dismissing the First Amended Complaint with prejudice.[2]

### 2. Reconsideration is Not Necessary to Prevent Manifest Injustice

Movants also argue that "reconsideration is necessary to prevent the manifest injustice of the Defendants' continuing pattern of violations of the [timeline] requirements." Movants' Mot., ECF No. 48-1 at 6. They do not expand on this statement in either their opening memorandum or reply brief. *See generally id.* at 1-6; Movants' Reply, ECF No. 51 at 1-13.

In their opposition briefing, Defendants concede that "'courts have not precisely defined what constitutes manifest injustice.'" Defs.' Opp'n, ECF No. 50 at 12 (quoting *Piper v. U.S. Dep't of Just.*, 312 F. Supp. 2d 17, 22 (D.D.C. 2004), *as amended* (May 13, 2004)). Even so, they contend that Movants' argument is insufficient, reasoning that the manifest injustice standard would be met in every case if a movant could simply argue that she did not receive the relief she sought. *Id.*

---

[2] Because Movants are not plaintiffs with a pending motion to amend their complaint, the Court need not address their remaining arguments that their proposed second amended complaint cures the deficiencies of the First Amended Complaint. *See* Movants' Mot., ECF No. 48-1 at 5-6.

Although the caselaw does not define the term, courts regularly make clear that "manifest injustice is an exceptionally narrow concept in the context of a Rule 59(e) motion." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013) (internal quotation marks omitted), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015). "[A] manifest injustice does not result merely because a harm may go unremedied." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013) (citing *Associated Gen. Contractors of Cal., Inc. v. Cal. State. Council of Carpenters*, 459 U.S. 519, 536 (1983)). Rather, manifest injustice "must entail a clear and certain prejudice to the moving party" and "also a result that is fundamentally unfair in light of governing law." *Id.* at 35-36.

The Court concludes that Movants have not met this high bar. They argue that manifest injustice will result because they cannot maintain their class fair hearing claim. *See* Movants' Mot., ECF No. 48-1 at 6. They do not explain how dismissal here prejudices them, nor do they account for how dismissal "is fundamentally unfair in light of governing law." *Slate*, 12 F. Supp. 3d at 35-36. Stated differently, Movants have not met their burden to demonstrate "extraordinary circumstances" that warrant relief. *Niedermeier*, 153 F. Supp. 2d at 28. Accordingly, the Court does not need to amend its earlier Memorandum Opinion and Order to prevent manifest injustice.

**V.     Conclusion**

For the foregoing reasons, the Court **DENIES** Movants' Motion for Reconsideration, ECF No. 48.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan
            United States District Judge
            March 26, 2023**