**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EVA MAE GIVENS,**<br>**Plaintiff,**<br>**v.**<br>**MURIEL BOWSER, *et al.*,**<br>**Defendants.** | **Case No.**<br>**20-cv-307-EGS-ZMF** |

## REPORT AND RECOMMENDATION

Plaintiff Eva Mae Givens, now deceased, filed a civil rights class action under 42 U.S.C. § 1983, alleging that the District of Columbia's (the "District's") improper administration of its Medicaid program deprived her, and others similarly situated, of a right guaranteed by federal law. Following remand from the D.C. Circuit, three motions remain pending on referral to the undersigned: 1) Movants' motion to substitute, ECF No. 29; 2) Defendants' motion to dismiss under Rule 25(a)(1), ECF No. 27; and 3) Movants' motion for leave to file a second amended complaint, ECF Nos. 29, 32. For the reasons below, the undersigned recommends GRANTING Defendants' motion to dismiss, DENYING Movants' motion for substitution, and DENYING Movants' motion for leave to amend.[1]

[1] The parties are hereby advised that, under the provisions of Local Rule 72.3(b) of the U.S. District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the

## I. BACKGROUND

Because courts have previously provided a detailed background of this litigation, the Court provides only a brief summary here.[2] The case began when Eva Mae Givens sought Medicaid assistance to cover her nursing-home costs. *See Givens v. Bowser*, 111 F.4th 117, 120 (D.C. Cir. 2024). The District miscalculated her required copay, erroneously requiring her to pay approximately $2,000 per month toward her care. *See id.* Ms. Givens requested an administrative hearing to challenge the copay calculation. *See id.* The District failed to provide a hearing within the 90 days required by law. *See id.*; *see also* 42 C.F.R. § 431.244(f). Ms. Givens then brought the instant case. *See Givens v. Bowser*, 111 F.4th at 120. While the case was pending, the District provided Ms. Givens with an administrative hearing. *See id.* The District conceded that it had miscalculated her copay, corrected the error, and back paid her nursing homes the Medicaid benefits it had previously withheld. *See id.* But the District did not reimburse Ms. Givens for money that she had wrongly paid. *See id.*

Ms. Givens died shortly after this administrative hearing. *See id.* About a month later, Ms. Givens' attorney filed a suggestion of death on the record. *See* Suggestion of Death 1, ECF No. 26. The suggestion of death read: "Co-counsel for Plaintiff Eva Mae Givens ("Ms. Givens"), Aytan Y. Bellin and Ronald M. Landsman ("co-counsel"), inform the Court that Ms. Givens passed away on December 24, 2020. A small estate proceeding for Ms. Givens will soon be filed in the D.C. Courts, and upon an estate representative being appointed, co-counsel will shortly thereafter file a motion pursuant to Fed. R. Civ. P. 25(a), to substitute Ms. Givens' estate representative as the

---

District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 144–45 (1985).

[2] *See* Report and Recommendation re Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 28; Mem. Op. and Order, ECF No. 68; *Givens v. Bowser*, 111 F.4th 117, 120–21 (D.C. Cir. 2024).

putative class plaintiff in this case." *Id.* However, Ms. Givens' attorney did not file a motion to substitute pursuant to Rule 25(a) within 90 days of the suggestion of death. *See* Mot. to Substitute Party 1–2, ECF No. 29 (filed on May 16, 2021, approximately 111 days after the suggestion of death was filed).

Before Ms. Givens' death, Defendants filed two motions to dismiss. After her death, Defendants filed a third motion to dismiss. *See* Mot. to Dismiss, ECF No. 27. Defendants argued that Rule 25(a)(1) required a motion for substitution to be filed within 90 days of service of the suggestion of death, making April 26, 2021 the deadline for substitution. *See* Mem. of Points and Auth. in Support of Defs.' Mot. to Dismiss 2, ECF No. 27-1. Because that deadline passed without a motion, they argued that the Court should dismiss the case. *See id.* at 2–3.

On May 3, 2021, the undersigned recommended granting Defendants' second motion to dismiss in a Report and Recommendation, finding that Ms. Givens' claims were moot and that she failed to properly state a claim. *See* Report and Recommendation 6–15, ECF No. 28. The undersigned did not address Defendants' third motion to dismiss, pertaining to the motion to substitute. *See generally id.*

On May 16, 2021, Ms. Givens' attorney filed a motion to substitute party, arguing that Ms. Givens' children ("Movants") should take her place as plaintiffs, and sought leave to file a Second Amended Complaint. *See* Mot. to Substitute Party at 1. Movants also filed objections to the undersigned's Report and Recommendation. *See* Obj. to Report and Recommendation, ECF No. 33. On June 1, 2021, Defendants filed an opposition to Movants' motion, arguing that substitution should be denied. *See* Mem. of Points and Auth. in Support of Defs.' Opp. to Mot. to Substitute 4–8, ECF No. 34-1. The undersigned granted, in part, the Movants' motion for

substitution for the limited purpose of objecting to the undersigned's Report and Recommendation. *See* Min. Order (Jun. 16, 2021).

Judge Sullivan adopted the undersigned's Report and Recommendation, dismissing the case with prejudice. *See* Mem. Op, ECF No. 45. Movants appealed that decision to the D.C. Circuit, arguing that dismissal should have been without prejudice. *See* Not. of Appeal to D.C. Circuit, ECF No. 54. On appeal, the D.C. Circuit affirmed in part, vacated in part, and remanded. *See Givens*, 111 F.4th at 120–123. The Circuit court first held that Ms. Givens' fair-hearing claims were moot because the District ultimately provided the requested hearing, and the proposed class claims did not fall within the inherently transitory exception. *See id.* at 121. The Circuit court then held that Ms. Givens' claim for monetary relief based on the alleged Medicaid copayment miscalculation was not moot, but affirmed its dismissal because the complaint failed to plausibly allege a municipal policy or custom sufficient to establish liability. *See id.* at 121–22. Lastly, the Circuit court vacated the dismissal with prejudice, finding that the remaining calculation claim should have been dismissed without prejudice and that the district court had not adequately addressed whether amendment or substitution would be futile before dismissing the claim with prejudice. *See id.* at 123–24. On remand, Judge Sullivan dismissed Ms. Givens' remaining claim without prejudice. *See* Min. Order (Oct. 16, 2024). The three motions held in abeyance throughout the appeal—Movants' motion to substitute, Movants' motion for leave to file a second amended complaint, and Defendants' motion to dismiss—are now before the undersigned for a Report and Recommendation. *See* Mem. Op and Order 12–13, ECF No. 68.

## II. LEGAL STANDARD

Rule 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by

the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The "ninety-day period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." *Lightfoot v. District of Columbia*, 629 F.Supp.2d 16, 18 (D.D.C. 2009) (citing *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990).

## III. DISCUSSION

The question here is whether *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969), precludes a finding that Movants failed to timely file their motion to substitute. It does not.

### A. *Rende's* Holding

*Rende* arose after the plaintiffs sued defendant Alfred Kay on behalf of their injured minor son. *See id.* at 984. After defendant Kay died, defense counsel filed a suggestion of death. *See id.* The notice was served on plaintiffs' counsel and indicated that no legal representative had been appointed for the estate. *See id.* Defense counsel subsequently moved to dismiss, arguing that Rule 25(a)(1) required plaintiffs to substitute a new defendant within 90 days of the suggestion of death. *See id.* Plaintiffs opposed, arguing that the suggestion of death was defective because it did not identify the deceased defendant's legal representative. *See id.* The district court dismissed the case with prejudice. *See id.*

The D.C. Circuit reversed, holding that the suggestion of death was ineffective to trigger the 90-day deadline because it was neither filed by, nor identified a proper successor or representative of the deceased defendant. *See id.* at 985–86. The court explained that, although defense counsel had been retained to defend the action, he was not a "representative of the deceased party" within the meaning of Rule 25(a)(1). *Id.* at 985. The court was concerned that

allowing a deficient suggestion of death to trigger Rule 25(a)(1)'s deadline "would open the door to a tactical maneuver" by counsel for the deceased party to force the living party to bear "the burden of locating the representative of the estate within 90 days," even where no representative had yet been appointed and the estate's administration remained uncertain. *Id.* at 986. The court was also concerned about gamesmanship. The gall of defense counsel was shocking. Defense counsel submitted a deficient notice and then tried to dismiss the case against *his client* based on his mistake. A lawyer's mistake cannot be a get out jail free card for his client.

Ultimately, the court concluded that "[n]o injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased" because "[i]f the heirs or counsel fear that delay may prejudice the litigation they may move promptly for appointment of a representative, perhaps a temporary representative, either under the law of the domicile or by special order in the court wherein the litigation is pending." *Id.* In other words, the court did not suggest that the absence of an appointed representative indefinitely suspends Rule 25's requirements; rather, it contemplated that the party seeking substitution would take reasonable steps to move the process forward, including by seeking appointment of a representative if necessary. *See id.*

B. *Rende* Does Not Excuse Movants' Failure to Timely Seek Substitution

Ms. Givens' suggestion of death named no successor. *See* Suggestion of Death at 1. It stated that an estate proceeding would "soon be filed" and that a motion to substitute an unnamed "estate representative" would follow. *Id.* Read in isolation, *Rende*'s holding might seem to favor Movants: applied mechanically, no named successor meant the 90-day clock had not started. But this ignores the reasoning that animated the holding in *Rende* and the procedural posture that gave

rise to it. *Rende* did not announce a categorical rule that an incomplete suggestion of death can never trigger Rule 25(a)(1); rather, it focused on preventing gamesmanship by a *defendant* to dismiss the case against themself.

Here, it was Ms. Givens' counsel who filed the deficient suggestion. *See id.* Ms. Givens' counsel then went on to represent the named successors, i.e., the Movants—who are no strangers to this case.[3] *See* Mot. to Substitute Party. Ms. Givens'/Movants' counsel then tried using his own mistake to sidestep Rule 25(a). This is precisely the type of gamesmanship that *Rende* forbids. *Cf. Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004) (when considering a Rule 17(a) substitution request, courts should focus on "whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby.").

Indeed, the principal cases in this District applying *Rende* have done so only in the posture in which it arose: where a plaintiff sought relief from the consequences of a deficient suggestion of death filed by defendant. There is no case extending *Rende* to excuse a plaintiff's own failure to timely move for substitution—as is the case here.

For example, the court in *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985), described the concern in *Rende* as the burden on plaintiff's counsel. In *McSurely*, defendants filed a pleading that noted defendants had died. *See id.* at 97–98. The pleading did not identify the decedents' successors or representatives. *See id.* at 98. Defendants then argued for dismissal under Rule 25(a) because *plaintiffs* failed to file a motion substituting the defendant within 90 days. *See*

[3] The original Complaint identified the plaintiff as "EVA MAE GIVENS, by her attorneys-in-fact DEBORAH R. BOWSER and EUGENE P. GIVENS, JR., on behalf of herself and of all others similarly situated." *See* Compl. Deborah R. Bowser and Eugene P. Givens, Jr. are two of Ms. Givens' three children and are now Movants, along with Eva Givens' third child, Anthony D. Givens. Thus, two of the Movants were involved in the case from its inception in some capacity.

*id.* at 97. The D.C. Circuit affirmed *Rende*, finding that the defendant's pleading did not trigger the 90-day clock. *See id.* at 97–99. The basis for this holding was that "[i]t would hardly be consistent with 'the just, speedy, and inexpensive determination' of civil actions . . . 'to place upon the [opposing counsel] the burden of locating the representative of the estate within 90 days.'" *Id.* at 98 (quoting *Rende,* 415 F.2d at 986).

Likewise, the court in *Rasheed v. Hussein*, No. 04-cv-1862, 2009 WL 10736204, at *1 (D.D.C. Mar. 6, 2009), focused on the burden on the party without the information necessary to timely file a Rule 25(a) motion to substitute. There, after defendant Saddam Hussein died, defense counsel filed a motion to withdraw that mentioned defendant's death but named no successor or representative. *See id.* Following *Rende* and *McSurely*, Judge Sullivan found the motion to withdraw insufficient to trigger the 90-day clock. This was because, as in *Rende*, "*defendant's counsel* bore the obligation to name a successor for the *deceased defendant*." *Id.* (emphasis added). The court underscored that "[t]he court in *Rende* was motivated by the concern of placing upon plaintiffs the burden of locating a representative or successor of the defendant's estate within the time limit prescribed by Rule 25." *Id.* at *2 (citations omitted).

"[B]y inverse analogy, the *Rende* case cuts against [Movant's] argument." *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973). Here, it was decedent plaintiff's *own* counsel who filed the suggestion of death, and the same counsel continued to represent the very successors who initiated the suit on behalf of the deceased plaintiff. The animating principle behind the D.C. Circuit's Rule 25(a) decisions has been that "[i]t would hardly be consistent with 'the just, speedy, and inexpensive determination' of civil actions . . . 'to place upon the [opposing counsel] the burden of locating the representative of the estate within 90 days.'" *McSurely*, 753 F.2d at 98 (quoting *Rende,* 415 F.2d at 986). By inverse, it would hardly be consistent with the just, *speedy*,

and inexpensive determination of civil actions to allow counsel for the decedent to sidestep the 90-day deadline where there is *no burden* in locating the representative of the estate within that time. That is, when counsel for the decedent has the successor information easily and freely available to them—particularly where they remain as counsel—counsel then bears the obligation of acting upon it.

Here, Movants have no one to blame but themselves. Movants' counsel started the 90-day clock. And then they "sat on [their] hands while the 90-day window lapsed." *Kotler v. Jubert*, 986 F.3d 147, 154 (2d Cir. 2021). To adopt Plaintiff's Rule 25(a) framework would turn *Rende* on its head:

- Either defendant would have had the burden of locating and appointing the Movants as successor—but *Rende* forecloses this because of the burden and delay it creates; or
- Plaintiff's counsel could have sat on their hands for as long as they liked until they saw fit to appoint a successor and then waited again to give notice of it—but *Rende* forbids such gamesmanship which derails the *speedy* determination of civil actions.

Moreover, Movant's interpretation of Rule 25(a) reads courts out of the equation by leaving authority to counsel for the decedent to decide when to trigger the 90-day clock. This ignores that "federal courts have institutional interests of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff." *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 515 (D.C. Cir. 1999) (leaving open the question of whether substitution in that case was proper).

There will be cases where the decedent's counsel or representatives do not know who should be named as a successor or who should be substituted as a representative. But that is not the case here. Two of the three Movants filed the original complaint as Ms. Givens' attorneys-in-

fact. *See generally*, Compl.; Mot. to Substitute Party. And counsel for Ms. Givens went on to represent Movants after Ms. Givens' death.

Moreover, it was not a surprise to plaintiff's counsel that the 90-day clock was looming. Ms. Givens' suggestion of death indicated that "[a] small estate proceeding for Ms. Givens will soon be filed in the D.C. Courts, and upon an estate representative being appointed, co-counsel will shortly thereafter file a motion pursuant to Fed. R. Civ. P. 25(a), to substitute Ms. Givens' estate representative." Suggestion of Death at 1. Counsel first indicated that it would update the Court in "21 days" about the successor. Entered in Error Suggestion of Death 1, ECF No. 25. But for whatever reason, counsel did nothing for more than 90 days. Regardless of the reason for this delay, inaction was the incorrect answer. The correct answer would have been to seek an extension of time under Rule 6(b).

Rule 6(b)(1)(A) permits a court to extend a deadline "for good cause . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Rule 6(b)(1)(B) likewise permits an extension "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "[T]he solution [to addressing difficulties in locating or identifying a successor representative] lies in Rule 6(b) rather than Rule 25." *Kotler v. Jubert*, 986 F.3d at 155; *see also Wilson v. CMH Homes, Inc.*, No. 18-cv-105, 2019 WL 1549428, at *1 (S.D. Miss. Apr. 9, 2019).

Indeed, Congress expressly amended Rule 6 to permit such extensions and "to relieve against the hardship of the Court's holding in *Anderson v. Yungkau*, 329 U.S. 482 (1947)," which had previously barred extensions of Rule 25(a)(1)'s deadline after it expired. *Roscoe v. Roscoe*, 379 F.2d 94, 99 (D.C. Cir. 1967). Yet Movants never filed such a motion. But why would they? Under Movant's interpretation of Rule 25(a)(1), a party could always file a defective suggestion

of death and then take as long as they wanted to name a successor because they were under no deadline. Without a 90-day deadline there would be no need to file a Rule 6(b) motion for extension of time. Thus, Movant's reading would render 6(b) meaningless.[4] The Court cannot permit that. *See Bakhtiar v. Islamic Republic of Iran*, 668 F.3d 773, 775 (D.C. Cir. 2012).

## IV. CONCLUSION

*Rende* provides a shield for a party harmed by an adversary's deficient filing; it does not provide a sword for a party seeking to benefit from a deficiency in its own filing. Given that Movants failed to timely file their motion to substitute, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Such dismissal should be without prejudice.[5]

Date: November 4, 2026

Zia M.Faruqui Digitally signed by Zia M.Faruqui Date: 2026.11.04 13:02:10 -05'00'

ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

[4] Indeed Rule 6(b) has meaning. Courts deny extensions of time to substitute when movants fail to show excusable neglect. *See, e.g.*, *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003) (affirming dismissal of case under Rule 25 when movant failed to show excusable neglect for untimely filing of motion); *Pierce by Guardian v. Pemiscot Mem'l Health Sys.*, 657 F. App'x 613, 615 (8th Cir. 2016) (same); *Malhotra v. Kumar*, No. 25-13898, 2026 WL 2474635, at *1–2 (11th Cir. Aug. 24, 2026) (same).

[5] Dismissal can be with or without prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 10995 (9th Cir. 2017). Numerous "district courts have dismissed cases *with prejudice* for failure to comply with Rule 25." *Id.* at 1095 (citing seven cases from six districts across the country). Others "have dismissed cases *without prejudice* for the same Rule 25 deadline failure." *Id.* (citing six cases from five districts). Here, the government asked for dismissal without prejudice. *See* Def.'s Supp. Briefing Regarding Prejudice 1, ECF No. 73. The government did so because it believes any newly filed claims would be time-barred. *See id.*